## Commonwealth ex rel. *v.* Underwood, Appellant.

*Public officers — County controller — Mandamus — Judgment against poor district—Signing warrant.*

Where a county controller has disapproved a claim against a poor district, and thereafter the claim is reduced to judgment in a suit in which the controller has not intervened, and no appeal has been taken from the judgment, the controller may be compelled by mandamus to countersign a warrant for its payment.

Argued October 7, 1920. Appeal, No. 76, Oct. T., 1920, by defendant, from judgment of C. P. Washington Co., May T., 1919, No. 234, sustaining demurrer to return of alternative mandamus in case of Commonwealth ex rel. R. C. Buchanan et al., Directors of the Poor, v. T. J. Underwood, Co. Controller. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Petition for mandamus to compel county controller to countersign warrant for payment of a judgment against directors of poor.

Demurrer to return of alternative mandamus.

From the record it appeared that in Washington County the relief and care of the poor are carried on under a special law. By the Act of April 6, 1830, P. L. 256, the legislature provided for the election of three directors of the poor, and erected these directors into a body politic and corporate under the name "The Directors of the Poor and of the House of Employment for the County of Washington." The act reposed in this body corporate authority to provide buildings and all things necessary for the lodging, maintenance and employment of the poor of Washington County, and it further provided that all the accounts and moneys received and expended should be audited by the county auditors. Since the Act of May 6, 1909, P. L. 434, Washington County has had a county controller, who acts in the place of and performs the duties theretofore performed by the county auditors.

The directors of the poor discovered that an inmate of the county home was a resident of the Pacific coast, and R. C. Buchanan, one of them, took him there. Upon return to Washington County, Buchanan presented to the controller his bill for the expense of the journey. That officer refused to approve it. Buchanan then brought suit against the Directors of the Poor and the House of Employment for the County of Washington, for the recovery of his expenses, and judgment was entered in his favor. The directors thereupon presented a bill to the controller for approval, asking for money to pay Buchanan's bill, now reduced to a judgment. The controller again refused to approve, and the directors then filed their petition for writ of mandamus to compel him to countersign a warrant for the payment of the bill. The writ prayed for was awarded because the learned court below had reached the following conclusions, in an opinion by BROWNSON, J.:

"1. When the claim of R. C. Buchanan was first presented to the controller for audit, in accordance with the regular practice observed by the directors of the poor

and the controller, the latter had discretionary power to refuse to approve it or to countersign a warrant for the purpose of enabling the directors to pay it.

"2. When, after this refusal by the controller, Mr. Buchanan brought suit upon the claim against the poor district, Mr. Underwood, the controller, if he believe it to be an unjust or invalid claim, could have intervened in that suit to defend on behalf of the poor directors, against the claim.  Whether, by virtue of the Act of 1909, he would have the power and right, as controller, so to intervene, upon an allegation of collusion, in the same way as he might do in a suit against the county, we need not determine; he clearly could have intervened, in the character of a taxpayer, under the Act of March 23, 1877, P. L. 20, which expressly embraces poor districts. And such intervention might have taken place, even after the entry of a judgment by default, by way of a petition to open such judgment.

"3. He not having chosen thus to intervene in the action, and the judgment having been regularly recovered, and standing upon the record unreversed, unappealed from, and unattacked directly by any petition to open it, it operated as a conclusive adjudication, and could not be collaterally impeached even by the county controller.  It can be impeached only by a direct attack, i. e., either by appellate proceedings or by appropriate proceedings before a chancellor to have it opened and set aside.  The introduction into this return of the averments respecting a collusive bringing of the suit is a collateral and not a direct attack.  It is an attempt in a collateral proceeding to set up, on behalf of the defendant in the judgment, a defense which that defendant was called on by the summons to make before the judgment was rendered.  The form of direct attack, in which to set up that defendant [was] collusively deprived of this defense, would be by a rule to open the judgment, the record thereof being regular upon its face.

"4. When this judgment, so standing unimpeached, was presented to the controller for audit, he was, in his character as auditor of the accounts of the directors of the poor, concluded thereby, and he did not have discretionary power, while allowing the judgment to remain (as did all the other taxpayers of the county) unimpeached by direct attack, to refuse to countersign a warrant issued by the county commissioners upon a requisition by the directors of the poor, for the purpose of enabling the latter to make payment of the judgment."

The demurrer was sustained and a peremptory writ awarded. Defendant appealed.

*Errors assigned* were (1) conclusions of law and decree, quoting them, and (2) decree, quoting it.

*R. H. Meloy,* with him *A. E. Donnan,* County Solicitor, for appellant.

*Harry A. Jones,* for appellee, was not heard.

PER CURIAM, December 31, 1920:

This judgment is affirmed on the four legal conclusions of the learned court below, in pursuance of which it awarded the writ of mandamus.

Judgment affirmed.