## Panther Valley Water Co. v. Blaney, Appellant.

*Water companies—Boroughs—Permit to make excavation in street—Refusal of permit:*

Where a borough ordinance provides for a fee of $1 for a permit to make an excavation in a street, and such fee is tendered by a water company to the burgess, the latter cannot refuse to issue the permit, merely because the water company had a dispute with a customer as to an unpaid water bill, and intended to make the excavation in order to cut off the customer's connection with the company's water main.

Argued Dec. 4, 1916. Appeal, No. 67, Oct. T., 1916, by defendant, from order of C. P. Schuylkill Co., Nov. T., 1915, No. 281, awarding writ of peremptory mandamus in case of The Panther Valley Water Company v. H. F. Blaney, Burgess of Coaldale Borough. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for peremptory mandamus. Before BECHTEL, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in awarding writ of mandamus.

*B. J. Duffy,* for appellant.—It clearly appears of record that the claim sought to be enforced by plaintiff was not only disputed by defendants, but its incorrectness actually admitted by the plaintiff, and surely under such state of facts a case for a peremptory mandamus was not presented to the court: Com. ex rel. v. Commissioners of Allegheny County, 16 S. & R. 317; Com. ex rel. v. Mitchell, 2 P. & W. 517; York Nat. Bank v. Ziegler, 11 Pa. Dist. Rep. 771.

*Paul C. Hamlin,* with him *Geo. M. Roads,* for appellee.—The right of a public utility company such as a water company to a mandamus to compel a burgess to perform a mere ministerial duty required to be performed by him under a borough ordinance is beyond question: Breslin v. Earley, 36 Pa. Superior Ct. 49.

All that is necessary to maintain a petition for a mandamus, is that the relator shows a clear legal right to the relief prayed for, and a want of a specific legal remedy: Commonwealth ex rel. v. Fitler, 136 Pa. 129; Mercur v. Media Elec. L. H. & P. Co., 19 Pa. Superior Ct. 519; Monongahela City v. Monongahela Electric Light Co., 3 Dist. Rep. 63.

OPINION BY PORTER, J., March 16, 1917:

This is an appeal by the respondent from the order of the court below, awarding a writ of peremptory mandamus, requiring him to issue to the plaintiff, a permit to make an opening in a public street, for the purpose of severing the connection between its water main and the service pipe extending to the building of a consumer of water, who was alleged to have made default in payment for water which he had received from the lines of the water company. The only ground upon which the respondent based his right to refuse to issue the permit was that there was a dispute between the water company and its customer as to the amount of the bill for water which the consumer had not paid. The water company

had paid to the burgess, the respondent, the amount of
the fee fixed by a borough ordinance for the permit to
open the street, but the burgess, upon learning that there
was a dispute between the water company and its cus-
tomer as to the amount of the unpaid bill, refused to
issue the permit and offered to return the amount of the
fee which he had received.  The water company there-
upon instituted this proceeding.

The water company was incorporated under the pro-
visions of the Act of April 29, 1874, P. L. 73, and its sup-
plements, for the purpose of supplying water to the pub-
lic in the Township of Rahn, County of Schuylkill, and
the Borough of Coaldale was subsequently incorporated
as a borough, comprising territory which was a part of
said township.  The water company had lawfully con-
structed its line under the surface of the street in ques-
tion.  The company had the right to make excavations
in the streets for the purpose of constructing or repair-
ing its lines, or making and severing connections there-
with.  This right was subject to reasonable municipal
regulations of the district, enacted for the good of all its
inhabitants.  The borough could adopt reasonable regu-
lations, to secure the rights of the general public in the
highway.  The municipality could not, however, assert
the right to grant or refuse permission to make exca-
vations for the purpose of repairing the water mains or
making or severing connections therewith, for this would
be destructive of the franchise conferred by the State by
virtue of its paramount authority over the highway, and
could not be sustained: Lansdowne Boro. v. Springfield
Water Company, 16 Pa. Superior Ct. 490.  The regula-
tions which a municipality may make, in this manner,
are municipal regulations, having some relation to the
interests of the public in the highway:  The State has
conferred upon them no power to intrude upon, or inter-
fere with, disputes between water companies and their
customers.

In the absence of any regulation by the municipal au-

thorities, the water company has the right to make such temporary openings to its lines, in the public highway, as may be reasonably necessary to the carrying on of its business, so long as it does not interfere with the use of the street by the public. The only attempt which the Borough of Coaldale has made to regulate the action of the water company in making openings in streets, was the ordinance of June 14, 1906; the only sections of which here material are the first and second. The first section ordains that all acts thereafter mentioned in the ordinance shall be deemed nuisances, and then comes the second section, in the following language: "Section 2. To make excavations in any street or alley, without a permit from the burgess, for which the sum of one ($1) dollar shall be paid." This constitutes the sum total of any authority to require a permit, but there is, of course, to be implied from it an authority in the burgess to issue the permit. There is no discretion expressly conferred upon the burgess to grant or refuse a permit. If it was intended by this ordinance to vest in the burgess a dictatorial power to grant or refuse permission to the water company to open the streets, then the ordinance would have to be declared invalid, for the reason that such a delegation of absolute power to the burgess was beyond the power of council to ordain. The borough had authority to require a reasonable fee to be paid for the permit, which is presumed to be imposed for the purpose of reimbursing it for the expense of issuing the permit and the probable cost of proper inspection, regulation and police surveillance. When a municipal regulation is adopted, which would be lawful if intended for one purpose, and unlawful if for another, the presumption is that the purpose was lawful, unless the contrary clearly appears. We must, therefore, assume that the intention of the council in passing this ordinance was to require that the borough authorities should be promptly informed of excavations made in the streets in order that they might provide for the safety and convenience of

public travel. The duties of the burgess, so far as any duty was imposed upon him by this ordinance were purely ministerial. If he had any authority to refuse the permit, it must be found in some general law of the State, outside of any regulation by the Borough of Coaldale. If the excavation to be made in the street was of such a character that it would seriously interfere with the use of the highway by the public, he ought to have fully set forth the facts in his answer. This he did not do. The answer clearly disclosed that the respondent was not attempting to withhold the permit upon the ground of any duty that he owed to the public, but that he was attempting to interfere in a matter with which he, as burgess, had nothing to do. If the rates of this water company are unreasonable, that is a matter to be determined by the Public Service Commission. If the consumer of water can show any just reason why his water supply should not be cut off he must resort to the tribunals vested with jurisdiction to determine such controversies, for this appellant is not clothed with any authority in the premises.

The decree of the court below is affirmed and the appeal dismissed at cost of the appellant.