## Coyne, Appellant, *v.* Prichard et al.

*Building laws—Municipalities—Cities of second class—Officers —Ministerial duties—Permits—Garage—Board of city planning —Acts of June 7, 1895, P. L. 135; March 7, 1901, P. L. 20; June 10, 1911, P. L. 872; May 13, 1915, P. L. 297, and June 21, 1919, P. L. 570—Mandamus—Nuisance.*

1. The authorities of a city of the second class have no right to refuse a permit for the construction of a garage because of the disapproval of the location by the board of city planning, where it appears that such board had not as yet made its final report as to the

areas in which various trades and business could be carried on, and no hearing thereon was had before the city council as required by the Act of June 21, 1919, P. L. 570.

2. Where an ordinance provides that an official named shall issue a building permit, when the applicant therefor shall have complied with all the requirements of the laws and ordinances, the duty of the official is merely ministerial, and if he refuses to issue the permit, mandamus is the proper remedy to compel him to do so.

3. The fact that the proposed garage is to be built in a residential neighborhood, and that its occupation and use will constitute a nuisance, is no ground for refusing a permit.

4. The question as to the legality of the alleged intended use must await determination in proper proceedings after such use is attempted to be made of the building.

5. The fact that the permit may be useless to the applicant, is no reason for refusing to issue it.

Argued October 25, 1921.    Appeal, No. 211, Oct. **T.**, 1921, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 962, for defendant, on trial without a jury, in case of James J. Coyne v. Charles B. Prichard, Director of the Department of Public Safety of the City of Pittsburgh and S. A. Dies, Superintendent of the Bureau of Building Inspection of the Department of Public Safety of the City of Pittsburgh.    Before MOSCH-ZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Reversed.

Petition for mandamus.

Trial by agreement without a jury. Before CARPEN-TER, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant: see 69 Pitts. L. J. 465. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Howard Zacharias,* with him *Howard Neely,* for appellant.—When the plans and specifications are in full

compliance with the laws and ordinances of the city, the superintendent must issue the permit: Com. ex rel. v. Heckert, 7 Pa. Dist. R. 186; Schoch v. Morris, 46 Pa. C. C. R. 119.

*Thomas M. Benner,* Assistant City Solicitor, with him *Charles B. Prichard,* City Solicitor, for appellee.— The permit was properly refused: Childs v. Napheys, 112 Pa. 504; Alexander v. Porter, 42 Pa. C. C. R. 210; Com. ex rel. v. Hill, 14 Pa. Dist. R. 345.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

The appellant desired to construct a building for garage purposes in the City of Pittsburgh. Plans were prepared and submitted to the proper authorities with a request that a permit be granted. This was refused, but not because of the insufficiency of the application, or any failure to comply with the requirements of the ordinance regulating buildings. The reason, as appears by the pleadings, was the disapproval of the location by the board of city planning. Did the opposition of this body justify the action of those charged with the issuance of such permits?

The bureau of building inspection was created by the Act of 1895 (June 7, P. L. 135), and the Act of 1915 (May 13, P. L. 297), and its powers are defined thereby. By the earlier legislation, provision had been made for appropriate proceedings in case of the refusal of a permit, and a method furnished by which the property owner could secure redress in case his interests were improperly affected by any decision. The subsequent act, however, repealed these provisions, without substituting any other remedy. In 1916, an ordinance was passed, by virtue of authority granted the previous year, regulating the construction of buildings, which declares, inter alia: "When such application, plans and specifications or descriptions indicate full and complete compliance with the requirements of the laws and ordinances, the superin-

tendent shall issue or cause to be issued a certificate for a permit." It is evident that the obligation to grant the leave to build is absolute, where the prerequisite conditions have been fulfilled. The duty of the officials placed in charge thereafter is merely ministerial. If this be so, then mandamus is a proper remedy to be pursued when the formal consent is improperly refused: Panther Valley Water Co. v. Blaney, 66 Pa. Superior Ct. 253; Chelten Trust Co. v. Blankenburg, 241 Pa. 394; Com. ex rel. v. Underwood, 269 Pa. 36; Com. ex rel. v. Pittsburgh, 204 Pa. 219; Douglas v. McLean, 25 Pa. Superior Ct. 9; Chester v. Paxson, 76 Pa. Superior Ct. 40.

It is to be noted that here the sole reason for the denial rested on the protest of the city planning commission against the proposed structure at the point designated. Under the ordinance of 1916, no such excuse, based on location, could be validly interposed. If the objection of the commission is to control, its power to interfere must be found in the laws creating that body. By the Act of March 7, 1901 (P. L. 20), and supplements of June 10, 1911 (P. L. 872), and June 21, 1919 (P. L. 570), an additional executive department for cities of the second class was provided, to be known as the department of city planning, and to be in charge of a city planning commission. This board has the power to regulate and restrict the areas in which trades and business of various kinds can be carried on. The appointees in Pittsburgh have undertaken the work of districting the city, but as yet no recommendations have been made to the council. In view of the express provision of the Act of 1919, that "cities shall not determine the boundaries of any district, nor impose any regulations or restrictions until after the final report of the city planning commission, and after hearing before council," any action by the board limiting the areas in which certain structures shall be built, is without effect, and this is conceded by the learned court below.

The court was, however, of opinion that the bureau of building inspection was justified in heeding the commission's protest, since it appeared that the building was to be erected within a limit which that body intended to define as residential, and that the construction and operation of the garage would be of detriment to adjoining property. Testimony was taken to show the character of the neighborhood, and the effect of building a structure of the kind proposed, and it was found as a fact that "the occupation and use thereof as a public garage will constitute a nuisance." On this ground the proceeding was dismissed.

The rule which should control has been thus stated: "If the right of the applicant to erect the building for which the permit is sought is otherwise absolute, it is no ground for the denial of the permit, or of a mandate to compel the issuance, that the applicant intends to put the buildings, when erected, to an improper use; the question as to the legality of the alleged intended use must await determination in proper proceedings after such use is attempted to be made of the building": 18 R. C. L. 215; Bostock v. Sams, 95 Md. 400, 52 Atl. 665. It may be that those in interest can make out a case which will result in equitable relief, and prevent the doing of the act complained of, but even if an injunction was granted, it would be directed to the use of the building and not to the structure itself: Penniman v. Hoffman, 262 Pa. 100; Rhodes v. Dunbar, 57 Pa. 274; Barclay v. Com., 25 Pa. 503. The sole question here is the right to the permit. If it was wrongfully refused, the writ should be granted; for the mere fact that it may be useless to the relator, is no reason for refusing to issue it: Truitt v. Phila., 221 Pa. 331. We see in this case no reason given which legally justifies the action of the department of building inspection.

The judgment of the court below is therefore reversed, and it is ordered that judgment be entered for the plaintiff with costs, and it is directed that a peremptory mandamus issue as provided by law.