# Wright *v.* France et al., Appellants.

*Boroughs—Building laws—Ordinances — Complaint against — Time—Permission to construct building—Mandamus—Act of May 14, 1915, P. L. 312—Zoning system.*

1. Where a borough ordinance provides that an official named shall issue a building permit, when the applicant therefor shall have complied with all the requirements of the law and ordinances, the duty of the official is purely ministerial, and, if he refuses to issue the permit, mandamus is the proper remedy to compel him to issue it.

2. A borough council is bound to permit the construction of a building, where it appears that it is to be erected in compliance with the borough ordinance relating to the construction of buildings.

3. Council cannot refuse permission because the building proposed is out of keeping with the residential surroundings of the neighborhood.

4. The remedy provided by the Act of May 14, 1915, section 9, P. L. 312, through proceedings in the quarter sessions, where a person is aggrieved in consequence of an ordinance, applies only to a complaint against the ordinance itself, and not to a proceeding under it.

5. The provisions in the Act of May 14, 1915, P. L. 312, which requires that complaint against an ordinance must be made "to the next court of quarter sessions" means to the next court after the ordinance passed, and not to the next court after the grievance.

6. Permits cannot be refused simply to prevent the erection of business houses in residential districts, as there is no law establishing the zoning system in boroughs.

Argued October 12, 1923.  Appeal, No. 127, Oct. T., 1923, by defendants, from judgment of C. P. Allegheny Co., Jan. T., 1923, No. 1596, on verdict for plaintiff, in case of Clark Wright v. John France et al.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ.  Affirmed.

Petition for mandamus.

Trial by jury on return denying facts.  Before EVANS, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiff.  Defendants appealed.

*Error assigned* was, inter alia, direction for plaintiff, quoting record.

*John D. Meyer,* for appellants.—The court of common pleas had no jurisdiction: Coyne v. Prichard, 272 Pa. 424; Chapman v. Boro., 7 Municipal L. R. 217; Porter Twp. Annexation, 75 Pa. Superior Ct. 543.

*Joseph A. Langfitt,* of *Langfitt & Langfitt,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1924:

The burgess and council of the Borough of Forest Hills appeal from the granting of a writ of peremptory mandamus compelling them to issue a permit to plaintiff for the construction of a building on a lot belonging to him in that municipality.

The petition for the writ set forth the kind of structure appellee desired to erect, that it was a combination store and apartment building and was to be erected in compliance with the provisions of the borough ordinance regulating the construction of buildings.  The application, in accordance with the borough ordinance, was ultimately referred to council, who refused to issue the

permit, the real ground of refusal being that the contemplated building was "entirely out of keeping with the residential character of the community and thus adversely affects the desirability and value of any residential property in the vicinity." The learned judge who disposed of the case in the court below in his opinion says this was the only defense the defendant sought to make on the trial, and that there is "nothing in the ordinance of the borough to justify the refusal of a permit because the borough council may think such structure is not a desirable one to be erected in the vicinity in which it is purposed to erect the building for which the permit is asked." Our reading of the ordinance leads us to the same conclusion.

Counsel for appellant urges that under the general borough law of May 14, 1915, P. L. 312, 393, section 9, the court is without authority to issue a mandamus in cases of this kind; the section provides: "Complaint may be made to the next court of quarter sessions...... by any person aggrieved in consequence of any ordinance, regulation or act done or purporting to be done in virtue of this act, and the determination and order of the court thereon shall be conclusive." It is argued that the proceeding in the quarter sessions is the exclusive remedy, and we are referred to Parkin v. New Kensington Borough, 262 Pa. 433; Sipe v. Tarentum Borough, 263 Pa. 338; and Whitney v. Jersey Shore Borough, 266 Pa. 537, as sustaining this position. None of these cases parallels the one in hand and the section of the act referred to has no bearing here for the reason that plaintiff is not "aggrieved in consequence of [the ordinance]." He is proceeding under it, not complaining against it. His grievance is that the borough officials have refused to comply with its terms and to perform their ministerial duty by issuing a permit to him.

The section of the act called in question is intended to cover cases in which an attack is being made on a borough ordinance; where its validity is challenged, not

where the performance of ministerial duties by borough officials is sought. Furthermore the act directs that complaint against an ordinance shall be made "to the next court of quarter sessions." The ordinance in question was passed April 8, 1921. Plaintiff did not make application for his permit until September, 1922. The time had then passed in which he could make complaint against the ordinance; "the next court of quarter sessions" means to the next after the approval of the ordinance or its going into effect. We are not unmindful that the Superior Court in Porter Township Annexation, 75 Pa. Superior Ct. 543, reached a contrary conclusion and held that complaint against an ordinance can be made to the next court of quarter sessions following a grievance. We think this could not have been the legislative intent and the act does not so state. If this construction should be followed, then long after the passage of ordinances and when property and other rights may have vested under them they may be invalidated in toto by the court of quarter sessions in the somewhat summary proceeding provided in this section, "and the determination and order of the court thereon shall be conclusive" and without appeal: Appeal of Borough of Chartiers, 19 W. N. C. 46. So far as we have knowledge it has always been the accepted idea that if attack was to be made upon a borough ordinance under the similar provision in the Act of April 3, 1851, P. L. 326, because the ordinance was not "done or purporting to be done in virtue of this [the borough] act" it must be launched before "the next court of quarter sessions" following the enactment of the ordinance or its going into effect. If this be not so, then an ordinance may be attacked at any time and the words of the act become meaningless.

In the recent case of Coyne v. Prichard, 272 Pa. 424, we determined, that where an ordinance provides that an official named shall issue a building permit, when the applicant therefor shall have complied with all the re-

quirements of the law and ordinances, the duty of the official is purely ministerial, and, if he refuses to issue the permit, mandamus is the proper remedy to compel him to issue it. The ruling there made is determinative here.

A further quotation from the opinion of the court below puts the real position of appellant in view and the countervailing answer: "It is evidently the purpose of refusing this permit to establish zones in the Borough of Forest Hills, and regulate, by refusing permits, the erection of business houses in certain parts of the borough. We have not been referred to anything in the ordinance of the borough or in the laws of the State to justify the refusal of a permit for that reason."

The action of the court in issuing the writ of peremptory mandamus is approved.

Judgment affirmed.