Herskovits et ux. *v.* Irwin et al., Appellants.

Argued January 13, 1930.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*Samuel A. Schreiner,* for appellants, commissioners of Mt. Lebanon Township.—The commissioners have the right to direct the building inspector to withhold the issuance of a permit for a building in violation of a proposed amendment to its zoning ordinance, pending the enactment of such amending ordinance, and thereafter

to refuse the same because in violation thereof: Euclid Village v. Realty Co., 272 U. S. 365; Mahon v. Coal Co., 274 Pa. 489; White's App., 287 Pa. 259.

The property owners, who, with knowledge of such pending amendment, make application for a permit prior to its final enactment do not acquire by reason of such prior application the right to a permit for a building in violation of its provisions: Union Dry Goods Co. v. Pub. Ser. Co., 248 U. S. 372.

A writ of mandamus to the building inspector and the board of commissioners in such case does not lie pending the expiration of the period allowed for appeal from the decision of the board of adjustment, directing the granting of a building permit: Underwood v. Gendell, 227 Pa. 214; Texas Co. v. Bethlehem, 10 Pa. D. & C. 607.

*Edwin B. Goldsmith,* for appellant, W. H. Turner.

*John D. McIntyre,* of *Bialas, Ryan, McIntyre & Mackrell,* with him *Emil Herskovits,* for appellees.—The commissioners of a township of the first class may not rightfully deny a building permit to a property owner whose plans and specifications comply with all existing ordinances, simply because the height of the proposed building will offend against the terms of an amending ordinance not yet introduced for consideration, but which the commissioners have in mind to adopt at a subsequent date: Wright v. France, 279 Pa. 22; Coyne v. Prichard, 272 Pa. 424; Dainese v. Cooke, 91 U. S. 580; Dobbins v. Los Angeles, 195 U. S. 223.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 5, 1930:

This case involves the right of a property owner to obtain a permit for the erection of a building where the specifications comply with existing law but conflict with the terms of a proposed zoning ordinance.

Bernath Herskovits and wife owned a lot in the Township of Mount Lebanon, which they purchased as the site for an apartment house. On June 26, 1929, they made application to the township building inspector for a permit to construct a six-story apartment building, submitting plans which, so far as the matters covered by them went, complied with the zoning and building ordinances in force at that time. These drawings showed the general scheme of the whole building, including basement and typical floor designs. The inspector issued a permit for "excavation and form work in accordance with foundation plan submitted," covering, as said therein, a "six-story apartment with integral garage." This permit sets forth, most conspicuously, that it "is issued subject to state,......township and zoning laws *in effect at time of issuance*" (the italics are ours), thus authorizing the holders to proceed with their work in accord with such laws. The following day, the property owners contracted with one Cole to "superintend the erection of the building and to furnish certain labor and material." This contractor, who was to be paid $33,000, "at once purchased lumber and ordered the necessary reinforcing steel for concrete walls." Another contractor also was procured, "who began the work of excavation." Findings of fact as to the letting of contracts and starting of work were made by the court below, and, since none of them was excepted to or is assigned as error, we cannot heed appellants' criticisms of them on these appeals.

On July 1st, the township solicitor was instructed to prepare an amendment to the local zoning ordinance, so as to limit the height of buildings, except in the commercial district, to three stories. Applicants' lot fell within the restricted zone. On July 2d, because of the proposed ordinance, the building inspector, at the direction of the township commissioners, revoked the permit which he had previously issued. July 8th, applicants presented their finished plans, which complied in

every particular with all existing building regulations, and asked for a "final" permit. It was refused, solely on the ground of the proposed amendment to the zoning ordinance. An appeal was made to the board of adjustment, which upheld the application and directed the reinstatement of the original permit and the issuance of the final one as applied for in accord with the plans filed on July 8th. The building inspector refused to carry out this order; whereupon applicants petitioned the court below for a writ of mandamus to compel the inspector and township commissioners to grant the final permit. It was agreed that the mandamus case should be disposed of by the court below without a jury. On August 13th, Turner, an adjoining property owner, entered an appeal from the decision of the board of adjustment. Meanwhile, the amendment to the zoning ordinance was passed by the township commissioners. The application for mandamus and Turner's appeal were heard together. The court below affirmed the decision of the board of adjustment and directed the mandamus to issue. The present appeals from the judgment in each case followed, and, as the contentions of appellants are, in the main, the same, we also shall consider the two appeals together.

The decisions appealed from rest on the grounds, stated by the court below, that, as the plans presented complied with all laws in force at the time of the application for permission to build, the inspector could not rightfully refuse to issue permits, and that, under the circumstances in this case, the subsequent passage of the amendment to the local zoning ordinance could not alter this condition of affairs to the prejudice of the applicants.

The contentions of appellants may be briefly stated as follows: In a case like the present, a vested right is acquired by an applicant for a building permit only where the permit is issued and work of a substantial character is done thereunder previous to the passage of an ordi-

nance which forbids the issuance of such a permit; that the filing of an application for a permit can in itself create no vested right. Applying these principles to this case, appellants specifically contend that, while a permit was issued to construct the foundations of appellees' building, none was granted for the completed structure; hence no right existed that could not be restricted by the amendatory ordinance, which, speaking generally, was indisputably a valid regulation of property. Appellants argue that, to force a permit under such circumstances as here presented would establish a rule under which property owners might defeat any proposal for municipal betterment.

We need not consider what effect, if any, a deliberate attempt to circumvent a pending ordinance would have on the right to a building permit, since, despite appellants' intimations to the contrary, the original application in the present case was made before the amending ordinance here in question was even drafted, and it is not denied that the plans, so far as they went, complied with all existing legal requirements. Under such circumstances, the action of the inspector in issuing a permit was a mere ministerial duty, which permitted of no discretion and could be enforced by mandamus: Coyne v. Prichard et al., 272 Pa. 424, 427; Wright v. France, 279 Pa. 22, 25-6. If a permit cannot rightfully be refused in the first instance, it cannot be arbitrarily revoked after issuance: General Baking Co. v. Street Commissioners of Boston, 242 Mass. 194, 196-7, 136 N. E. 245, 246; State ex rel. Grimmer v. Spokane, 64 Wash. 388, 394, 116 Pac. 878, 880. What was said in Pelham View Apartments v. Switzer, 224 N. Y. Supp. 56, 58, is applicable here: "Where a permit to build ......has been acted upon and......the owner has ......proceeded to incur obligations and in good faith ......to erect the building,......rights are then vested, property rights, protected by the federal and state constitutions. ...... This case must be distinguished

from......other cases where permits were not obtained in good faith, but merely in anticipation of an amendment to the zoning law. The facts in the present case indicate entire good faith upon the part of [appellees] ......[and] it would be nothing short of confiscation and......disregard of constitutional rights if a municipality could revoke a building permit issued under the conditions......presented." See also Pratt v. Denver, 72 Colo. 51, 209 Pac. 508. A mere contemplation of legislative action which, if brought to fruition, would in effect forbid appellees building plans, would not permit revocation of the permit already granted in this case, any more than it would have allowed a rejection of the original application: G. & H. Building Corp. v. New York, 195 N. Y. Supp. 68-9. Hence, the permit of June 26th was improperly cancelled and the board of adjustment correctly ordered its reinstatement.

A permit having been issued and work done thereunder, a right was created in the applicants as to which they were entitled to protection; the subsequent attempt to revoke the permit could not abrogate this right. What we have just said would seem to satisfy the requirements of the rule advanced by appellants; but they contend that, since no final permit was ever issued for the complete structure which appellees desired to erect, no indefeasible right to construct it was acquired. In other words, the argument is that appellees may have received a valid permit to construct the foundation of a six-story building, and may have done such work toward that end as to give them vested rights therein, but they never received a permit to build the complete structure; that, although they made a proper application for such a permit before the passage of the amendatory ordinance, it was not in fact issued, and, because of the subsequent enactment of that ordinance, no right to build to a height of six stories could inhere. This contention cannot be sustained. When a permit was issued for the foundations of "a six-story apartment" building,

the applicants, under circumstances such as those attending the issuance of the permit now in question, had the right to assume that, if their finished plans showed compliance with existing building and zoning regulations, a final permit would naturally follow for the complete structure. Here, appellees proceeded accordingly and incurred expense and legal obligations. While it is true that some of the cases cited by appellants go on the theory that the letting of a contract, or even the building of foundations, is not of itself such work as to create a vested right, we follow the rule stated in City of Buffalo v. Chadeayne, 134 N. Y. 163, 165, 31 N. E. 443, that a property interest arises where, after permit granted, a landowner begins construction of a building and incurs liability for future work. See also Fuller v. Schwab, 208 N. Y. Supp. 289, 290; State v. Wisconsin Tel. Co., 181 Wis. 519, 195 N. W. 544. The contract entered into by appellees involved a substantial obligation on their part, and appellants cannot object that but little work was done where, as here, they have prevented further construction. The application of July 8th should have been granted. To say that, under the circumstances of this case, a vested right was created in the foundations of the six-story building but not in the building itself, does not satisfy a proper sense of justice. The township, having sanctioned the commencement of the operation in accord with the zoning laws "in effect at the time of issuance" of the original permit, could not subsequently refuse to allow its completion simply because the plans submitted,—the regularity of which was not questioned,—showed a building which in height would exceed a proposed new limit under an ordinance not yet enacted. Particularly is this true in a case like the present, where the height of the structure was expressed on the original building permit.

It is further contended that any rights acquired under the original permit were lost when what appellants call the second application was made by appellees; but the

answer is that appellees' conduct in this regard followed the instructions of the building inspector; in reality they made no new and distinct application, but simply took a second step in their effort to obtain a formally complete permission to erect their building.

Finally, the point is raised by the inspector and the commissioners, appellants, that mandamus will not lie, to enforce the order of the board of adjustment, pending the expiration of the period allowed for appeal from the decision of that body. It is enough to say in answer to this contention that, after the ruling of the board was made, the right to the permit was complete in form, and no method existed to enforce it except mandamus. It is true that, subsequent to the application for the mandamus, Turner, the other appellant here, took an appeal to the court below from the board's ruling, but the Act of June 29, 1923, P. L. 957, 961, section 7, governing appeals to the common pleas from the "decision of the board of adjustment," particularly provides that "the allowance of [such an appeal] shall not stay proceedings upon the decision appealed from."

We have examined the numerous cases from other jurisdictions cited by appellants; most of them are readily distinguishable on their facts, and the few which contain rulings inconsistent with those in the present opinion are not binding on us.

The orders in both cases are affirmed.