Garratt, Appellant, *v.* Philadelphia.

Argued November 23, 1956.  Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Robert C. Grasberger*, for appellant.

*Thomas A. Masterson*, Deputy City Solicitor, with him *David Berger*, City Solicitor, for appellees.

OPINION BY MR. JUSTICE BELL, December 29, 1956:

The Award Committee denied an award to the plaintiff, who is the widow of a City fireman who (under the pleadings) was admittedly killed on March 19, 1955, while fighting a fire.  The lower Court sustained preliminary objections in the nature of a demurrer and dismissed a complaint in mandamus to compel the Award Committee to make the award, on the ground that under the City Ordinance dated December 29,

1954* (1) the death which occurred must have occurred while fighting a fire, *and* (2) must have resulted from an heroic deed which involved a special hazard or risk. We cannot agree with the lower Court's interpretation of the City Ordinance which reads in material part as follows:

"An Ordinance Providing for the establishment of an award committee and for the payment of an honor award of ten thousand (10,000) dollars to the surviving widows or dependent children or dependent parents of firemen, policemen and park policemen who lose their lives in the course of performing *certain*\*\* duties.

"Whereas, Firemen, policemen and park policemen, without fear or hesitance and in accordance with the highest ideals and standards of service *daily risk their lives* in the performance of *certain* duties on behalf of the citizens of this City; and

"Whereas, The City desires to encourage the heroic acts of these men and to give recognition to and honor those who give their lives on behalf of the citizens of our City; therefore The Council of the City of Philadelphia hereby ordains:

. . .

"Section 1. The Council hereby provides that the sum of ten thousand ($10,000) dollars shall be paid to the surviving widow or dependent children or dependent parents of every fireman, policeman, or park policeman who is killed in the course of responding to an alarm, fighting a fire, apprehending a criminal, *or* in the course of performing an heroic deed which involves a special hazard or risk;

"Section 2. There is hereby created an award committee consisting of the Chairman of the Committee on

---

\* No. 1954, pages 950-951.

\*\* Italics throughout, ours.

Public Safety of the Council, the Police Commissioner, the Fire Commissioner, the Managing Director, and the President of the Council, who shall be the Chairman of the award committee.

"Section 3. The award committee shall have the power and authority to determine in each case submitted to it whether the circumstances surrounding the death of any fireman, policeman, or park policeman merit the payment of an honor award."

The Ordinance further provides that payments shall be made only after written certificate from the Award Committee, and that the awards therein provided shall be in addition to any rights or benefits to which the deceased's heirs or next of kin may be otherwise entitled.

The core of the City's interpretation which was adopted by the Court below, is that death must have resulted in every case in the performance of an heroic deed. This is contrary to the clear and specific language of the Ordinance. Section 1, which is the pertinent section which deals specifically with the question at issue, clearly and explicitly provides that $10,000 shall be paid to a surviving widow of a fireman who is killed in the course of fighting a fire, *or* in the course of performing an heroic deed which involves a special hazard or risk. "Or" in its ordinary usage and meaning clearly and undoubtedly means "or". "Or" can only be construed to mean "and" when to give the word "or" its ordinary meaning would be to produce a result that is absurd or impossible of execution or highly unreasonable or would manifestly change or nullify the intention of the legislative body. Cf. Section 52, Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §552. Section 1 of the Ordinance could not be clearer; "or" means "or"; *and "When the*

*words of a law are clear and free from all ambiguity,* the letter of it is not to be disregarded under the pretext of pursuing its [real or supposed] spirit": Section 51, Statutory Construction Act.

If we consider §1 in connection with the entire Ordinance—*Sherwood v. Elgart,* 383 Pa. 110, 117 A. 2d 899—we arrive at exactly the same result. There is no merit in the contention of the City Solicitor that to construe the word "or" to mean "or" "would produce inconsistencies and absurdities" in the Ordinance. "Or", by any reasonable interpretation, considering the language of every paragraph of the Ordinance—and even considering also (as the City urges) the object to be attained and the consequences of a particular interpretation (§51 of the Statutory Construction Act),—clearly and undoubtedly means what it says—"or". Any other interpretation would be a plain perversion and violation of the clear language of §1 of the Ordinance.

The Ordinance first provides for the payment of an honor award to widows of firemen who lose their lives —not from a heart attack or fall in the fire house or in their home, not in the course of performing some routine duty within the scope of their employment, but —"in the course of performing *certain* duties". The next paragraph similarly provides for firemen who *daily* risk their lives not in the performance of their duties but in the performance of *certain* duties. Those duties are clearly and specifically set forth and defined in §1, namely, a fireman (policeman or park policeman), who is killed (a) in the course of responding to an alarm; (b) fighting a fire; (c) apprehending a criminal,[*] *or* (d) in the course of performing an heroic

---

[*] That this must have been the objective and intent of City Council is further confirmed by the recent action of the citizens

act which involves a special hazard or risk. A fireman or policeman does not *daily* risk his life performing an heroic deed.

Who is to determine whether the fireman was killed in the course of responding to an alarm, or in fighting a fire, or in apprehending a criminal, or in the course of performing an heroic deed? City Council wisely answered this question by saying the Award Committee. Many cases will arise where a fireman is killed by a fall or a heart attack, or dies in the course of or as a result of performing his routine duties, but perhaps not in the course of fighting a fire or performing an heroic deed. Whether death resulted in the course of fighting a fire may often be quite doubtful or a border line case—hence the determination thereof was properly and wisely left by City Council to the Award Committee. Similarly, whether death occurred in the course of performing an heroic deed, which is a matter on which many people can sincerely differ, was properly and wisely left by City Council to the Award Committee. That is the meaning of §3 of the above mentioned Ordinance, considered in conjunction with the entire Ordinance. Furthermore, such an interpretation gives to §1 the clear and exact meaning of the language therein set forth, and at the same times gives a reasonable and harmonious construction to every paragraph of the Ordinance and produces a fair, just and highly desirable result.*

---

of Philadelphia in contributing $110,000. to the wife of a policeman, George C. Dorsey, who was paralyzed by the bullet of a robber he was attempting to capture.

\* If City Council wishes to make a different provision for the payment of this Award, it can easily and quickly do so by an amendment or a new Ordinance which clearly sets forth its intentions.

The lower Court was correct in stating (1) that mandamus lies where there is a clear legal right in the plaintiff and a corresponding duty in the defendant, and the act requested is not discretionary but only ministerial, and (2) that mandamus will not lie *to control* an official's discretion or judgment where that official is vested with a discretionary power. However, *the discretion is reviewable and reversible where it is arbitrarily or fraudulently exercised or where, as here, it is based upon a mistaken view of the law*: *Maxwell v. Farrell School District Board of Directors*, 381 Pa. 561, 112 A. 2d 192, and cases therein cited. If a fireman is unquestionably killed in the course of fighting a fire, the Award Committee has merely a ministerial and not a discretionary duty to make the award to his widow; if the proofs leave the factual question in doubt, the Committee's decision is a discretionary one which, unless arbitrarily or fraudulently made, cannot be controlled by the Courts. Similarly, if it is doubtful under the facts whether a fireman or policeman "was killed in the course of performing an heroic deed which involves a special hazard or risk", the Award Committee has a discretion in the determination of that question which cannot be controlled by the Courts unless arbitrarily or fraudulently made or based upon a mistaken view of the law.

The Order and Judgment of the lower Court is reversed. The case is remanded to the Award Committee for a disposition thereof in accordance with the facts as they may be developed and the law as herein laid down.