## Flynn v. City of Philadelphia

*Samuel Gorson,* for plaintiff.
*David Berger,* City Solicitor, for defendant.

WEINROTT, J., July 15, 1957.—Plaintiff, the widow of a police officer, has filed a complaint in mandamus against the City of Philadelphia and the award committee established under the ordinance of this city dated December 29, 1954, the award committee having denied an award to plaintiff whose husband was admittedly (under the pleadings) killed on August 16, 1956, while apprehending a criminal.

This ordinance provides as follows:

"(Bill No. 684) AN ORDINANCE

"Providing for the establishment of an award committee and for the payment of an honor award of ten thousand (10,000) dollars to the surviving widows or dependent children or dependent parents of firemen, policemen and park policemen who lose their lives in the course of performing certain duties.

"WHEREAS, Firemen, policemen and park policemen, without fear or hesitancy and in accordance with the highest ideals and standards of service daily risk their lives in the performance of certain duties on behalf of the citizens of this City; and

"WHEREAS, the City desires to encourage the heroic acts of these men and to give recognition to and honor those who give their lives on behalf of the citizens of our City; therefore

"*The Council of the City of Philadelphia hereby ordains*:

"Section 1. The Council hereby provides that the sum of ten thousand (10,000) dollars shall be paid to the surviving widow or dependent children or dependent parents of every firemen, policemen or park policemen who is killed in the course of responding to an alarm, fighting a fire, apprehending a criminal, or in the course of performing an heroic deed which involves a special hazard or risk: *Provided, however,* That payments of the said sum shall be made at the

rate of two hundred (200) dollars per month for a period of fifty months.

"Section 2. There is hereby created an award committee consisting of the Chairman of the Committee on Public Safety of the Council, the Police Commissioner, the Fire Commissioner, the Managing Director, and the President of the Council, who shall be the Chairman of the award committee.

"Section 3. The award committee shall have the power and authority to determine in each case submitted to it whether the circumstances surrounding the death of any fireman, policeman, or park policeman merit the payment of an honor award.

"Section 4. No payments shall be made pursuant to the terms of this ordinance unless the award committee shall have first certified in writing to the Director of Finance of the making of such an honor award.

"Section 5. The awards herein provided shall be in addition to any rights or benefits to which the heirs, personal representatives, or next of kin may be entitled pursuant to any existing statute or ordinance."

Defendants have filed preliminary objections to the complaint contending that this court does not have jurisdiction because the action requested is discretionary and not ministerial, urging that the ordinance gives the award committee the power and authority to determine the circumstances surrounding the death of any policeman which merits the payment of an honor award. Defendants argue that the police officer in this case was killed in the course of arresting an intoxicated person, and that this cannot be construed to mean apprehending a criminal within the terms of the ordinance, even though the pleadings by which we are bound specifically so state.

We do not believe that the ordinance compels a different result if a policeman is killed apprehending a person who is being arrested for only a summary

offense, rather than one who has committed a major crime. Actually, in a given instance, the risk in apprehending a lesser offender may be far greater and this was the fact here. If defendants' contention was valid, then it would follow that in the case of a fireman under this ordinance who was killed in the course of responding to an alarm, we would be compelled to make the distinction between a fireman responding to a false alarm or a small fire and one en route to a major fire disaster. This would be sheer nonsense.

Section 1 of the ordinance provides that the sum of $10,000 shall be paid to the widow of every policeman who is killed in the course of apprehending a criminal. There is no requirement that his actions in so doing be an heroic deed. See Garratt v. Philadelphia, 387 Pa. 442, 447. Once having found that the policeman was killed in the course of apprehending someone guilty of even a summary offense, the matter no longer lay within the discretion of the award committee. For while it is true that under section 3 of the ordinance the award committee has the power and authority to determine in each case submitted to it whether the circumstances surrounding the death merit the payment of an honor award, it has no discretion once the facts establish that the case falls within a specific category described by the ordinance. The only question here raised is one of law.

Is the widow of a policeman who is killed in the course of apprehending a criminal who, in this case, is a summary offender, entitled to the honor award? We answer an emphatic affirmative.

The purpose of the ordinance is both to encourage heroic acts and to give recognition to and honor those who give their lives on behalf of the citizens of our city, for it is recognized that firemen, policemen and park policemen daily risk their lives in the perform-

ance of *certain duties* on behalf of the citizens of this city. One of these duties is clearly the apprehension of a criminal, whether he be a sumary offender or one charged with a major crime, for in both instances the arrest may be attended with great risk.

The instant case is on all fours and fits the words of the Supreme Court in Garratt v. Philadelphia, supra. Paraphrasing, we find that if a policeman is unquestionably killed in the course of apprehending a criminal, even though he is only a summary offender, the award committee has merely a ministerial, not a discretionary, duty to make the award to his widow; if the proofs leave the factual question in doubt, the committee's decision is a discretionary one which, unless arbitrarily or fraudulently made, cannot be controlled by the court. However, the discretion is reviewable and reversible where it is arbitrarily or fraudulently exercised or where, as here, it is based upon a mistaken view of the law.

*Order*

And now, to wit, July 15, 1957, the case is remanded to the award committee for a disposition thereof in accordance with the facts as they may be developed and the law as herein laid down.