## Flynn v. City of Philadelphia (No. 2)

*Samuel Gorson*, for plaintiff.

*David Berger*, City Solicitor, for defendant.

WEINROTT, J., June 27, 1958.—The Hero Award Committee of the City of Philadelphia, after due hearing on January 13, 1958, determined that the death of Edward J. Flynn was occasioned in apprehending a criminal under the ordinance providing for an award under such circumstances.

The parties claimant are three adult children of decedent, one of whom is an incompetent institutionalized at Norristown State Hospital, and the surviving widow. The interests of the incompetent are urged by the State in an effort to recover a sum to defray the

costs of his maintenance in the State institution. There being these claimants to the fund, the City of Philadelphia filed a rule for interpleader permitting the interpleading of the respective claimants. A stipulation was entered into wherein it was agreed that the rule for interpleader be made absolute, and it was admitted that Edward Flynn and Dolores Yetter, being adult children, and not dependents of decedent, have no claim upon the fund, that claimant William Flynn was an adult at the time of the death of his father, and decedent did not contribute to his support during his lifetime and further that no claim for medical treatment rendered was heretofore made upon the deceased father either by the Commonwealth of Pennsylvania or the Norristown State Hospital.

The stipulation also contained a request to this court to enter an order based upon the admitted facts and the applicable law with the same force and effect as if all the provisions outlined in the Rules of Civil Procedure pertaining to interpleader actions had been complied with.

Once again the construction of the Ordinance of the City of Philadelphia, dated December 29, 1954, is drawn in issue. This ordinance, entitled, "Bill No. 684. An Ordinance providing for the establishment of an award committee for the payment of an honor award of ten thousand (10,000) dollars to the surviving widow or dependent children or dependent parents . . .", insofar as is here pertinent reads:

*"The Council of the City of Philadelphia hereby ordains:*

"Section 1. The Council hereby provides that the sum of ten thousand (10,000) dollars shall be paid to the surviving widow or dependent children or dependent parents . . . That payments of the said sum shall be made at the rate of two hundred (200) dollars per month for a period of fifty months."

"Section 5. The awards herein provided shall be in addition to any rights or benefits to which the heirs, personal representatives, or next of kin may be entitled pursuant to any existing statute or ordinance."

The sole issue raised is the meaning of the phrase, "to the surviving widow or dependent children or dependent parents." The contention of the Commonwealth is that the adult child who is confined at the State institution is a dependent child within the act and, therefore, entitled to a portion of the award.

The act provides for each specific category in the alternative and in order of apparent preference. It would indeed be a unique construction to ignore the disjunctive, for then in a case where there are dependent children, the surviving widow would be compelled to support them and a guardian would be required to be appointed to minister that portion of the fund which would be allocable to the dependent children. No method of apportionment is established and section 5 of the ordinance indicates that the award is in addition to any rights and benefits of the heirs. How would this award be apportioned? Would it be in accordance with the intestate law, in which event if there were more than one child, the surviving widow would receive one-third and the surviving dependent children would receive two-thirds? This would then create the anomalous situation whereby the widow with one-third of the award, which is obviously for her sustenance, would then be required to support two or more children together with herself on this small amount, and the balance of the award consisting of two-thirds thereof would be payable to the guardian of the children, who would be required to retain and invest the same and the wife could secure the use thereof only upon order of court.

Such an interpretation is contrary to the clear and specific language of the ordinance. "Or" in its ordinary usage and meaning indicates the disjunctive. It is only when its ordinary meaning would produce a result which is absurd or impossible of execution or highly unreasonable or would manifestly change or nullify the intention of the legislative body that the word "or" can be construed to mean "and": Garratt v. Philadelphia, 387 Pa. 442. In the Garratt case, supra, the court construed part of section 1 of this very ordinance, using the word "or" to mean its alternative sense rather than the conjunctive. It would be extremely illogical to now hold the preceding portion of the same section in the conjunctive. Cf. section 52, Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §552. When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its (real or supposed) spirit: Section 51, Statutory Construction Act.

We are firmly bound to the interpretation that the ordinance establishes three separate and distinct groups in the order of entitlement, and that these groups are alternatives. The presence of the first eliminates the remaining two groups. That is, the presence of the surviving widow eliminates any right in the dependent children or dependent parents. We believe that the widow alone is entitled to the $10,000 as established by this ordinance.

In view of the foregoing, we enter the following:

*Order*

And now, to wit, June 27, 1958, the court finds in favor of plaintiff, Mamie M. Flynn, and against City of Philadelphia, and in favor of plaintiff, Mamie M. Flynn, and against interpleaded claimants, Commonwealth of Pennsylvania, Dolores Yetter, William Flynn and Edward Flynn.