## Baldwin Borough, Appellant, *v.* Matthews.

Argued October 1, 1958. Before Jones, C. J., Bell, Musmanno, Jones and Cohen, JJ.

*Martin E. Geary*, for appellant.

*Henry R. Smith, Jr.*, with him *Jones, Smith & Free-land*, for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, November 10, 1958:

These appeals by the Borough of Baldwin are from two separate orders of the County Court of Allegheny County commanding and directing the building inspector of the borough to issue to Norman J. Matthews and Anna Matthews, his wife, in the one instance, and to James T. Barnes and Irene Barnes, his wife, in the other, building permits for the construction of dwelling houses on two lots in the borough owned respectively by the Matthews and the Barnes.

Notwithstanding that the plans for the proposed dwellings complied with the requirements of the borough's zoning ordinance, the building inspector refused nonetheless to issue the permits even though the property owners had made due and proper application therefor. The applicants thereupon severally appealed from the adverse action of the building inspector to the board of adjustment set up by the borough's zoning

ordinance. The board subsequently affirmed the action of the building inspector. The only reason ever assigned for the refusal of the building permits was that the municipal authorities were of the opinion that subterranean fires in old mine workings existed at or in the vicinity of the applicants' properties and that excavations for the construction of the proposed houses might possibly open drafts to the fires and create an additional hazard to the life and property of the community.

The issuance of a permit by the building inspector in circumstances such as were here shown called for no more than the performance of a mere ministerial act which admitted of no discretion in the inspector. In *Coyne v. Prichard,* 272 Pa. 424, 427, 116 A. 315, it was said that ". . . the obligation to grant the leave to build is absolute, where the prerequisite conditions have been fulfilled. The duty of the officials placed in charge thereafter is merely ministerial." See *Herskovits v. Irwin,* 299 Pa. 155, 160, 149 A. 195. The action of the building inspector was therefore arbitrary, capricious and unwarranted. Such being the case, the applicants did not even need to resort to an appeal to the board of adjustment for correction of the inspector's action. In the existing circumstances mandamus was both the appropriate and efficient remedy: *Coyne v. Prichard* and *Herskovits v. Irwin,* supra. Cf. also *Doyle v. Springfield Township,* 394 Pa. 49, 145 A. 2d 695, which was concerned with a building inspector's refusal of an occupancy permit.

The appellant borough asserts that the building inspector, in refusing the requested permits, was exercising the municipality's inherent police power to insure the safety of its residents and their property. Granted that the borough has power to act to that end in appropriate circumstances, the authority of the en-

forcement officer or agent must be plainly spelled out in rules or regulations promulgated by duly enacted ordinance or resolution. There was nothing of that sort here. Without any authority of law, the building inspector arrogated to himself the power to withhold the permits to which the applicants had an undoubted right.

The orders appealed from are affirmed at the appellant's costs.

Concurring Opinion by Mr. Justice Bell:

This is a difficult decision for me because (1) I believe that under the opinion of the majority of this Court in *Jacobs v. Fetzer*, 381 Pa. 262, 112 A. 2d 356 (in which I strongly dissented) mandamus is not a proper or available remedy* where a plaintiff seeks a building permit for the construction of a dwelling house, and (2) because only a Court of Equity can fairly and wisely determine whether the danger to the community or municipality from subterranean fires is such as to justify an injunction denying plaintiffs the right to build on their own property.

Since a Court of Equity is apparently prohibited from considering this situation (See: *Jacobs v. Fetzer*, supra) I shall cut the Gordian knot and, considering the evidence before us, concur in the result reached by the majority.

---

* The law as to mandamus is accurately and succinctly stated in *Travis v. Teter*, 370 Pa. 326, 330, 331, 87 A. 2d 177, and in *Garratt v. Philadelphia*, 387 Pa. 442, 448, 127 A. 2d 738.