## Sibarco Stations, Inc. v. Building Inspector of City of Erie

*Norman Stark*, for plaintiff.

*Joseph M. Walsh,* for defendant.

CARNEY, P. J., May 17, 1967.—This matter is before the court on an action of mandamus. A stipulation of agreement having been entered into by the parties, and filed of record on March 27, 1967, agreeing that an amicable action of mandamus be entered on the docket with the same legal effect as if a complaint in mandamus had been filed and properly served. This stipulation, along with a complaint and answer constitute the pleadings in this case.

On October 3, 1966, plaintiff, by its agent, the Atlantic Richfield Company, applied for a building permit to construct a gasoline service station at 1008 Parade Street, Erie, Pa. On October 5, 1966, the building permit was issued by the City of Erie, and thereafter, in reliance on said permit, plaintiff purchased the property on the southwest corner of Tenth and Parade Streets for $57,325.

Five months later, on March 7, 1967, the building inspector revoked the permit, because "your proposed station is within two hundred (200) feet of a school", an obvious reference to section 305 of the Zoning Ordinance of the City of Erie, which provides that a gasoline service station may be constructed in a business or industrial district, provided:

"(a) No street entrance or exit of such service station for vehicles shall be within two hundred (200) feet of a street entrance or exit of any school, park or playground conducted for, and attended by children".

The parties agree that the distance from the driveway of the proposed service station to the front door of St. Benedict's Academy, which is located on the north side of Tenth Street some distance west of Parade Street, is 235.36 feet, a proper distance. There is, however, a driveway at the eastern boundary of the school property that is within 200 feet.

The court is now asked to direct the city to issue a

permit to plaintiff allowing for the construction of the service station.

This matter first involves the interpretation of the relevant portion of the ordinance. The city, through its building inspector, evidently in October of 1966, construed ". . . street entrance or exit of any school, etc." to mean the actual entrance or exit from the school itself, and not the driveway, for there has been no physical change in the school or driveway since that time. We can only presume that the building inspector was diligent and thorough in processing plaintiff's application for a permit; that he visually examined the location and measured the various distances involved before making his official determination that the application complied with the ordinance, and accordingly issued the permit. Why he should have changed his opinion after a period of five months is not apparent to the court. We are in accord with the construction originally placed on the ordinance by the city. We believe the wording of section 305 is clear and free from ambiguity, that the term "street entrance or exit" means the passageway from the sidewalk or the street in the case of a school, into the school itself, and not a driveway through which deliveries are made to the side or rear entrance of the school. We believe that this is the construction followed by the city in October of 1966, and a proper one.

This being the proper interpretation of the ordinance, the issuance of the permit could not have been properly refused in the first instance, and cannot now be arbitrarily revoked after issuance: Shapiro v. Zoning Board of Adjustment, 377 Pa. 621, 629.

Though Herskovits v. Irwin, 299 Pa. 155, involves an amendment to a zoning ordinance rather than a change in the interpretation of the ordinance, as in the instant case, we feel the situations are analogous. In that case the court, at page 160, said:

" 'Where a permit to build . . . has been acted upon and . . . the owner has . . . proceeded to incur obligations and in good faith . . . to erect the building, . . . rights are then vested, property rights, protected by the federal and state constitutions . . . The facts in the present case indicate entire good faith upon the part of (appellees) . . . (and) it would be nothing short of confiscation and . . . disregard of constitutional rights if a municipality could revoke a building permit issued under the conditions . . . presented' ".

"A permit having been issued and work done thereunder, a right was created in the applicants as to which they were entitled to protection; the subsequent attempt to revoke the permit could not abrogate this right".

Thus, in the instant matter, we cannot countenance the city's revocation of the permit. For, after the original issuance of the permit, the city stood by for a period of five months while plaintiff, in good faith and in reliance on that permit, expended the sum of $57,325 to acquire the property in question. To allow the city to now change its position, to the obvious detriment of plaintiff, would be inequitable and unfair.

For these reasons, we are compelled to enter judgment against the building inspector of the City of Erie, and direct him to issue a building permit to Sibarco Stations, Inc., for the construction of the service station at the requested location.

ORDER

And now, May 17, 1967, judgment is entered against defendant, and he is directed to issue a building permit to plaintiff for the construction of a gasoline service station on the property located on the southwest corner of Tenth and Parade Streets, Erie, Pa., city property index numbers 1017, 207, 208, 209, 210 and 211. Costs on defendant.