## Gruver v. Plains Township Sewer Authority

*Jerome L. Cohen*, for plaintiffs.
*Paul E. Kanjorski* and *Joseph S. Falchek*, for defendant.

HOURIGAN, *J.*, February 26, 1981—This case is before the court on defendant's preliminary objections in the nature of a demurrer and a motion to dismiss the complaint.

Defendant alleges that the complaint fails to state a cause of action in mandamus and further that plaintiffs failed to notify defendant as required by the Judicial Code, 42 Pa.C.S.A. §5522.

Plaintiffs' complaint alleges the following:

Plaintiffs are property owners in Plains Township, Luzerne County, Pa. and were informed in May, 1977 by defendant that sewer lines would only be installed across the front of their property and not along the side which is Second Street; at that time, plaintiffs explained to a representative of defendant that it was not economically feasible nor practicable to install a line from their home to the sanitary line in front of their property; in August, 1977, contrary to the representation of defendant the sewer line was installed along the side of plain-

tiffs' property on Second Street and plaintiffs requested they install a lateral so they could hook up to the same; plaintiffs made repeated requests, and assurances were given by defendant that a lateral would be installed; plaintiffs further allege that the Sewer Authority, arbitrarily, unjustly and improperly withheld the installation of a lateral; plaintiffs have been assessed for the service fee, but because of the conduct of the Authority, they have not been able to properly connect the sewer line; and plaintiffs requested the court to direct defendant to install a lateral on Second Street and for other relief.

Defendant alleges that the complaint in mandamus does not lie against it, because plaintiffs seek to compel the performance of a discretionary act.

In Garratt v. Philadelphia, 387 Pa. 442, 127 A. 2d 738 (1956), the court stated at page 448:

"The lower Court was correct in stating (1) that mandamus lies where there is a clear legal right in the plaintiff and a corresponding duty in the defendant, and the act requested is not discretionary but only ministerial, and (2) that mandamus will not lie to control an official's discretion or judgment where that official is vested with a discretionary power. However, the discretion is reviewable and reversible where it is arbitrarily or fraudulently exercised or where, as here, it is based upon a mistaken view of the law: Maxwell v. Farrell School District Board of Directors, 381 Pa. 561, 112 A. 2d 192, and cases therein cited."

In the instant case, plaintiffs have alleged that the discretion was arbitrarily exercised and therefore, would be entitled to a trial.

Defendant further alleges that they have not re-

ceived proper notice of the action. The Judicial Code, 42 Pa.C.S.A. §5522(a), provides:

"(a) Notice prerequisite to action against government unit.—(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property . . . shall file in the office of the government unit, and if the action is against a Commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing, signed by or in his behalf, setting forth: (i) The name and residence address of the person to whom the cause of action has accrued. (ii) The name and residence address of the person injured. (iii) The date and hour of the accident. (iv) The approximate location where the accident occurred. (v) The name and residence or office address of any attending physician.

"(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse noncompliance with this requirement upon a showing of reasonable excuse for failure to file such statement."

The above section clearly is meant to apply to situations involving a claim for damage and is inapplicable to the present action.

## ORDER

It is ordered that defendant's preliminary objections in the nature of a demurrer and a motion to dismiss the complaint are denied.