## Commonwealth *v.* Keesey (Two cases).

Argued April 10, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Peter J. Mangan,* with him *Griest & Mangan,* for appellants.

*Donald T. Puckett,* with him *Joel O. Sechrist* and *Eveler, Puckett and Trout,* for appellee.

OPINION BY JUDGE ROGERS, April 25, 1973:

These are the consolidated appeals of Vera and Donald Keesey from judgment of sentence imposed by the Court of Common Pleas of York County for violations of an ordinance of Windsor Borough. The ordinance in question requires persons intending to make alterations, including repairs, to a building to apply for and obtain from the Mayor a building permit, which permit the Mayor must grant upon the filing of an application evidencing compliance with "the law and all other ordinances of the Borough."

The Keeseys, mother and son, who owned adjoining properties in the Borough, made repairs to the roofs of each of their properties without applying for permits. The Borough zoning officer observed the repairs being made to the Keeseys' properties and the Borough police chief visited the Keeseys and asked them to apply for permits. The appellants refused although, accord-

ing to the chief, he offered personally to pay the few dollars of filing fees involved. The appellants were charged with and convicted of violations of the ordinances before a District Justice. On appeal to the Court of Common Pleas, President Judge GEORGE W. ATKINS, after trial, found each guilty and sentenced each to pay the fine of $5.00 provided for in the ordinance and costs of prosecution.

The only substantial question raised by the appellants is as to the validity of the ordinance. They contend that the Borough had no power from the Legislature to impose the requirement of a permit by an ordinance containing no regulations of the work to be done other than it should comply with the law and all other Borough ordinances. The only statutory authority cited for this proposition is that of certain provisions of The Borough Code of 1927, long since repealed, assertedly implying that permits might be required only by ordinances establishing detailed building regulations. Not cited by the appellants are the much different provisions of Section 1202(24) of the present Code which empowers the Borough "[t]o enact and enforce ordinances relating to buildings and houses, their construction, alteration, extension, repair and maintenance . . . to require that, before any work of construction, **alteration, extension, or repair** of any building is begun, approval of the plans and specifications therefor be secured. . . ." Act of February 1, 1966, P. L. (1965), as amended, 53 P.S. §46202(24). While the ordinance here in question predates the 1966 revision of The Borough Code, Section 1202(24) also validates existing borough ordinances.

There are many uses of building permits in local government, including assurance of zoning compliance[1]

---

[1] Although at argument counsel for the appellant seemed not to know whether there was a zoning ordinance of Windsor Bor-

and of uniformity in assessments. *See* The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P. L. 571, as amended by the Act of July 31, 1968, P. L. 1034, §1, 72 P.S. §5453.602(b).

The cases cited by the appellants might have been helpful to them if they had applied for and been refused permits. They do not question, and indeed affirm, the Borough's power to require that a permit be sought. *See Vagnoni v. Bridgeport Borough Council,* 420 Pa. 411, 218 A. 2d 235 (1966); *Commercial Properties, Inc. v. Peternel,* 418 Pa. 304, 211 A. 2d 514 (1965), and *Baldwin Borough v. Matthews,* 394 Pa. 53, 145 A. 2d 698 (1958).

We have considered the appellants' contentions that the proceedings were improperly captioned in the name of the Commonwealth and that the record does not show that each of the appellants' properties was actually located in Windsor Borough, and find them to be without merit.

Affirmed.

---

ough, the record reveals that one of the prosecuting witnesses was the Borough zoning officer.