Vagnoni *v.* Bridgeport Borough Council,
Appellant.

Argued January 12, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward J. Ozorowski,* with him *Geoghegan & Ozorowski,* for appellant.

*Bernard V. DiGiacomo,* with him *Fox, Differ, DiGiacomo & Lowe,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, March 22, 1966:

This is an appeal by the Borough Council of Bridgeport from an Order of the Court of Common Pleas of Montgomery County which granted a motion for summary judgment in a mandamus action filed by the plaintiff Vagnoni.

Plaintiff is a general contractor in the Borough of Bridgeport. In *May, 1961,* plaintiff submitted to Aloysius J. Brady, the building inspector, a plan for the construction of a four unit apartment building on his land. A permit was issued for this plan. No action was taken on the proposed project by plaintiff until sometime prior to August, 1964. At that time, the same four unit plan was resubmitted, the original permit having lapsed. At the September, 1964 meeting of council the plan was referred to a committee. The four unit plan was approved by council in its *December, 1964* meeting.

In October or November of 1964, plaintiff submitted to Brady preliminary plans for an eleven unit apartment building. Brady told plaintiff that state approval was required and that he could not consider the plan until such approval was obtained.

On *January 14, 1965,* plaintiff formally submitted to Brady *the eleven unit plan with state approval.* Brady "mistakenly" assumed that the eleven unit plan had been approved by council, and issued a building permit which specifically recited that it was for an eleven unit apartment building.

On *April 9, 1965,* plaintiff began construction of the eleven unit building. He arranged for a mortgage loan in the amount of $74,300, and incurred mortgage settlement expenses of $1,208, and architect fees of $300. After plaintiff had finished the excavation, he received on April 18, 1965, a letter from council ordering him to cease construction. Thereafter, on April 21, 1965, council ordered the permit rescinded.

On May 6, 1965, plaintiff filed the present complaint in mandamus asking that the Court order reissuance of the permit. Defendants filed preliminary objections to the complaint on May 26, 1965. The preliminary objections were dismissed on July 1, 1965. Defendants' answer was filed on July 16, 1965.

On July 19, 1965, plaintiff filed a motion for summary judgment under Pa. R. C. P. 1098.* A hearing on plaintiff's motion was held by the lower Court on September 7, 1965. On September 9, 1965, the Court granted plaintiff's motion and entered an Order directing reissuance of the permit. From this Order the Borough appealed to this Court.

The Borough has no comprehensive zoning ordinance relevant to the matter in issue, nor has it *any* ordinance vesting in council the jurisdiction and the discretion which it seeks to exercise. Furthermore, the Borough conceded** at the hearing in the lower Court that the *eleven unit plan conformed in every way with the building code* of Bridgeport.

However, the Borough relies upon (1) the Borough Code*** which vests power in the corporate officers "[t]o regulate the streets . . . and to prohibit the erection or construction of any building or other obstruction . . ." and (2) Cl. XXI of the Act, supra, 53 P.S. §46221 which empowers the Borough "[t]o make regulations for the construction of new buildings and housing . . .; and to require that, before the work begins, approval of the plans and specifications therefor be secured . . . ."

The Borough contends that under the code as well as under its police powers, it has the power to prohibit the erection of any building and also to disapprove plans for new construction, even though no ordinance had been passed or regulations setting up standards had been adopted. We disagree with these contentions.

The issuance of a building permit, once the prerequisite conditions have been fulfilled, is merely a minis-

---

* "At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear. . . ."

** Through the testimony of its building inspector.

*** Act of May 4, 1927, P. L. 519, §1202, Cls. I, II, as amended, 53 P.S. §§46202, 46221.

terial act. In such a case mandamus is the appropriate action. *Commercial Properties, Inc. v. Peternel,* 418 Pa. 304, 211 A. 2d 514; *Verratti v. Ridley Township,* 416 Pa. 242, 206 A. 2d 13; *Lhormer v. Bowen,* 410 Pa. 508, 188 A. 2d 747; *Baldwin Borough v. Matthews,* 394 Pa. 53, 145 A. 2d 698, and cases therein cited.

Moreover the Court in *Baldwin* pertinently said (page 55) : "[g]ranted that the borough has power to act to that end (withholding a building permit on the basis of inherent police power) in appropriate circumstances, the authority of the enforcement officer or agent must be plainly spelled out in rules or regulations promulgated by duly enacted ordinance or resolution."

Since the Borough Council had enacted no rules, regulations or ordinance creating preconditions and reasonable standards, there was no legal prerequisite violated or unfilled by plaintiff. In *Commercial Properties, Inc. v. Peternel,* 418 Pa., supra, the Court pertinently said (page 314) : ". . . zoning ordinances, being in derogation of a property owner's constitutional rights, must be strictly construed (Cleaver v. Board of Adjustment, 414 Pa. 367, 200 A. 2d 408 (1964), and cases cited therein), and 'certain and definite and valid standards for zoning must be prescribed . . . in the zoning ordinance': Cleaver v. Board of Adjustment, 414 Pa. at 374, 200 A. 2d at 413. See also, Archbishop O'Hara's Appeal, 389 Pa. 35, 131 A. 2d 587 (1957), and 8 McQuillin, Municipal Corporations §25.62 (3d ed. rev. 1957). The lack of definite criteria upon which the Board must base its decision vitiates the entire requirement, . . . ."

The Borough concedes, as it must, that if a permit is *validly* issued and work done thereunder or substantial obligations incurred or substantial sums of money expended in reliance thereon, *a vested property right*

is created in the applicant which is entitled to protection, and a subsequent revocation of or attempt to revoke the permit cannot abrogate this right. *Herskovits v. Irwin*, 299 Pa. 155, 161, 149 Atl. 195. See also, *Shapiro v. Zoning Board of Adjustment*, 377 Pa. 621, 105 A. 2d 299; *A. N. "Ab" Young Co. Zoning Case*, 360 Pa. 429, 61 A. 2d 839; *Lower Merion Township v. Frankel*, 358 Pa. 430, 57 A. 2d 900.

The contention of the Borough that the permit was issued under a mistake of fact and therefore revocable, is, under the aforesaid facts and circumstances, devoid of merit.

Order affirmed.