Longstreth, et al. *v.* Kane and Sloan.

Argued September 9, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Harry P. Begier, Jr.,* with him *Orlofsky, Cozen and Begier,* for plaintiff.

*Israel Packel,* Special Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for defendants.

OPINION BY JUDGE WILKINSON, October 12, 1971:

Plaintiff has filed a Complaint in Mandamus against the defendants to compel Defendant Kane, Secretary

of Revenue, to certify to Defendant Sloan, State Treasurer, the names and addresses of the persons making advance payments on the income tax levied by Article III of the Tax Reform Code of 1971, Act of March 4, 1971, P. L. (Act No. 2), 72 P.S. §§7101-8203, determined by the Supreme Court of Pennsylvania to be unconstitutional in *Amidon v. Kane,* 444 Pa. 38, 279 A. 2d 53 (1971), and the amount of said advanced payment. Defendant Sloan would be compelled to disperse from the State Treasury to said persons the amount of the advance payment certified to have been made by said persons, presumably to the address certified. Defendants have filed Preliminary Objections alleging that the Complaint fails to set forth a cause of action in Mandamus in that the plaintiff has an adequate remedy by proceeding under Section 503 (a)(4) of the Fiscal Code, Act of April 9, 1929, P. L. 343, Art. V, Section 503, as amended, 72 P.S. §503 (a)(4). This is the provision of the Fiscal Code relating to the recovery of taxes paid under an act of assembly later declared to be unconstitutional. We must sustain the Preliminary Objections.

Mandamus is an extraordinary remedy and will not be granted where there is another remedy available. The Supreme Court of Pennsylvania has succinctly and emphatically set forth the minimum requirements: "Our decisions have made it clear that mandamus is an extraordinary writ which is appropriate to compel performance only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and a want of any other appropriate and adequate remedy." *Garchinsky v. Clifton Heights Borough et al.,* 437 Pa. 312, 316, 263 A. 2d 467, 469 (1970).

The plaintiff, while admitting that the remedy provided by Section 504(a)(4) of the Fiscal Code, *supra,* is available, asserts it is not adequate in that the Board

of Finance and Revenue has the discretion to grant a cash refund or a credit, although it must do one or the other. Such a legislatively imposed discretion is not inappropriate since it is clear that, under well established Pennsylvania law, whether an individual is entitled to any refund when a tax is voluntarily paid is a matter of legislative discretion: "If payment of taxes is voluntary, even though the taxing statute is later held unconstitutional, the money paid cannot be recovered in the absence of statutory authorization: Royal McBee Corp. Tax Case, 393 Pa. 477, 143 A. 2d 393 (1958); Chesebrough v. United States, 192 U.S. 253; Ward v. Love County, 253 U.S. 17, 22 (1920); Swift Company v. United States, 111 U.S. 22." *Universal Film Exchanges, Inc. v. Board of Finance and Revenue,* 409 Pa. 180, 185, 185 A. 2d 542, 544-45 (1962).

Defendant argues that he has a right to proceed in Mandamus to enforce the right to refund under Section 353 of the Tax Reform Code of 1971, *supra,* entitled "Refund or credit of overpayment". We do not need to decide the doubtful question of whether Section 353 survived the entire Article III being declared unconstitutional in *Amidon* inasmuch as the plaintiff has not seen fit to file a return under this section or otherwise make a demand for a return of his funds.

Plaintiff argues that a tax credit is of no value to a person who since paying the tax is no longer employed in the State or no longer lives in the State or may be deceased. Therefore, the argument goes, all taxpayers should have checks mailed to them in order to accommodate these few. What value this argument may have had is lost when he requests that the checks be mailed to what, in a substantial number of instances, must necessarily no longer be a correct address. The number of persons no longer subject to tax in relation to the number of all taxpayers is unknown to everyone

314

including the plaintiff. With such a relatively limited number involved, all of whom have admittedly changed circumstances, it does not seem unreasonable or inequitable to require them to comply with the section of the Fiscal Code which was specifically designed for the recovery of taxes voluntarily paid under an act which is later declared to be unconstitutional.

Preliminary Objections sustained.