## Lawrence U. Ginter, Inc. *v.* Borough of Atglen, et al.

Argued October 3, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and BLATT. Judge ROGERS disqualified himself and did not participate.

*Norman J. Pine,* for appellant.

*William H. Lamb,* with him *Lamb, Windle & Mc-Erlane,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, November 1, 1972:

This is an appeal from an order of the Court of Common Pleas of Chester County directing the Borough of Atglen to issue a building permit for the construction of twenty-four apartments.

Lawrence U. Ginter, Inc. (Ginter), the appellee, owns an undeveloped tract of land in the Borough of Atglen, Chester County, consisting of approximately five acres. On March 30, 1971, Ginter filed an application for a building permit for the construction of twenty-four apartment units. At the same time Ginter submitted a plot plan of the property, complete drawings of the proposed buildings, and tendered the building permit fee. By letter dated April 15, 1971, signed by the Atglen Borough Council President, Ginter was advised that no permit would issue because of Ginter's noncompliance with Borough Ordinance No. 126. The letter also requested Ginter's future compliance with proposed zoning. Ordinance No. 126 is: "[a]n Ordinance adopting regulations for the subdivision and development of land, the revision of existing subdivisions and developments of land, the laying out, constructing, opening and dedication of roads, streets, drainage facilities, sewers and other public improvements incident to the subdivision and development of land in the Borough of Atglen; providing for the issuance of permits and prescribing penalties for violation."

Ginter then brought this action in mandamus seeking issuance of the permit which the trial court directed to be issued. This appeal followed.

The only substantial issue in this appeal is whether the borough's land subdivision ordinance is applicable to land for which the owner seeks a building permit to

erect twenty-four apartment units without subdividing or partitioning the tract into separate parcels. The land subdivision ordinance in question (Ordinance No. 126) in Section 2 makes it unlawful for an owner to make a subdivision of his land, "or to lay out, construct, open or dedicate for public use or travel, or for the common use of the occupants of buildings thereon, any street . . .," unless professionally prepared plans are submitted and approved by the appropriate borough officials.

At first blush the title of the ordinance and the scope of Section 2 would suggest its possible application to this case, as the owner seeks to develop his land and the plans disclose construction of private streets to accommodate "the occupants of buildings thereon." However, the definitional section of the ordinance and the other substantive sections clearly reveal that it was intended to apply only to land development incident to which a single tract or portion thereof is to be subdivided into two or more parcels.

Section 1 defines "subdivision" to mean "the division of a single lot, tract or parcel of land, or a part thereof, into two or more lots, tracts, or parcels," and the word "street" is defined to mean "a public right-of-way in a *subdivision*. . . ." (Emphasis added.) The remaining substantive sections of the ordinance dealing with the contents of submissions to be made to the borough under the ordinance are all predicated upon and speak to the subdivision of land as defined in the ordinance.

In our opinion, the definitional sections control the intended scope of the ordinance. As Ginter proposes to develop the tract owned by it without subdividing the same, and as the private streets it proposes to construct for the use of the occupants of the apartment complex are not streets as defined in the ordinance, we conclude that the ordinance in question is not applicable to the

project for which Ginter sought a building permit. Therefore, the borough improperly refused the permit for this reason alone.

Under such circumstances mandamus is a proper remedy; the fact that the borough was considering at some indefinite time in the future a plan for open space or for zoning in the borough affords no legal basis for refusing the sought-for building permit. *See Mutzig v. Hatboro Board of Adjustment,* 440 Pa. 455, 269 A. 2d 694 (1970) ; *Lhormer v. Bowen,* 410 Pa. 508, 188 A. 2d 747 (1963) ; *Cameron v. Greensburg,* 3 Pa. Commonwealth Ct. 209, 281 A. 2d 271 (1971) ; *Boron Oil Company v. L. C. Kimple,* 1 Pa. Commonwealth Ct. 55, 275 A. 2d 406 (1970), *aff'd,* 445 Pa. 327, 284 A. 2d 744 (1971).

Order affirmed.