Suburban Group, Inc., A Pennsylvania Corporation *v.* Robert D. Gittings, Code Enforcement Officer of The Township of Franklin and Township of Franklin, A Pennsylvania Municipality, and the Board of Supervisors of The Township of Franklin, Appellants.

Argued October 27, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Henry A. Hudson, Jr.*, with him *Hudson and Harr*, for appellants.

*B. Earnest Long*, with him *Robinson, Fisher, Long & Rigone*, for appellee.

OPINION BY JUDGE ROGERS, December 10, 1975:

The Township of Franklin, Westmoreland County, and the Township's Code Enforcement Officer have appealed from an order of the Court of Common Pleas of that County directing them to issue a permit to erect a dwelling house on a parcel of land containing 10.002 acres. After thoughtful consideration, we have concluded that the lower court's order should be vacated on the ground that the court had no jurisdiction.

It appears from the record that the appellee, Suburban Group, Inc., owns a former farm located in Franklin

Township and containing about 116 acres which it wishes to subdivide into home sites. For some reason which is not clear on this record, the appellee does not want to file a plan of subdivision pursuant to Franklin Township's Subdivision Regulations. It applied for a building permit, apparently pursuant to the Township's Zoning Ordinance, without filing a plan of subdivision. The Township Code Enforcement Officer refused to issue the permit because of the applicant's failure to apply for and receive subdivision approval. Suburban Group, Inc. then filed in the court below a document called "Notice of Appeal" setting forth the facts relating to the application for the building permit and its refusal, and asking the court to reverse the action of the Code Enforcement Officer. The court below set the matter down for hearing and, after hearing evidence, entered an order sustaining the appeal and directing the issue of the permit.

Section 909 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10909, provides:

"The [Zoning Hearing Board] shall hear and decide appeals where it is alleged by the appellant that the zoning officer has failed to follow prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance or map or any valid rule or regulation governing the action of the zoning officer. Nothing contained herein shall be construed to deny to the appellant the right to proceed directly in court, where appropriate, pursuant to Pa.R.C.P., sections 1091 to 1098 relating to mandamus."

Section 1001 of the MPC, 53 P.S. §11001, provides:

"The proceedings set forth in this article [Article X] shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act."

Finally, Section 1006, 53 P.S. §11006, provides in part:

"(1) A landowner who desires to file a zoning application or to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which prohibits or restricts the use or development of land in which he has an interest on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall proceed as follows:

. . . .

"(c) To the extent that the board has jurisdiction of the same under section 909 all other appeals shall lie *exclusively* to the zoning hearing board." (Emphasis supplied.)

It is clear, therefore, that in ordinary cases—that is, those where mandamus would not be appropriate— jurisdiction of appeals from the actions of zoning officers is vested exclusively in the Zoning Hearing Board.

Sections 909 and 1006(1)(c) of the MPC preserve court jurisdiction to entertain actions in mandamus "where appropriate" and, in the interest of judicial economy, we were tempted to decide the case on the merits, treating the appellee's zoning appeal as an action in mandamus despite our Supreme Court's holding that the MPC's preservation of the right to proceed in mandamus did not expand the function of mandamus in the area of zoning. *Unger v. Hampton Township,* 437 Pa. 399, 405, 263 A.2d 385, 389 (1970). We have concluded that we should not overlook the defect in the proceedings because the need for preserving the integrity of zoning procedures established by the MPC preponderates over the desirability of expediting a decision on the merits of this case. We decline to provide a precedent for authorizing court review of the actions of zoning officers on zoning appeals not appropriate to mandamus. Aside from the impropriety of countenancing the evasion of the

statute's conference of jurisdiction on Zoning Hearing Boards, two poor consequences of such a practice are immediately apparent; the first, that the courts would in such cases indeed become super Zoning Hearing Boards, and the second, that the interested public would be denied the notice of, and fuller opportunity to participate in, zoning proceedings afforded by the MPC in Zoning Hearing Board appeals.

It seems plain to us that this is not a case appropriate to mandamus. The issue resides in Section 107(21) of the MPC, 53 P.S. §10107(21), which reads in full as follows:

"(21)  'Subdivision,' the division or redivision of a lot, tract or parcel of land by any means into two or more lots, tracts, parcels or other divisions of land including changes in existing lot lines for the purpose, whether immediate or future, of lease, transfer of ownership or building or lot development: *Provided, however, That the division of land for agricultural purposes into parcels of more than ten acres, not involving any new street or easement of access, shall be exempted.*" (Emphasis supplied.)

Suburban Group, Inc. contended and the lower court held that the emphasized portion of Section 107(21) exempts from subdivision regulation plans showing parcels of more than ten acres where the land is located in a zoning district in which agricultural uses are permitted so long as the proposed use (in this case for single family residences) is also a permitted use. The Township contended that all subdivisions, regardless of lot size, are subject to subdivision regulations unless the subdivided lots are intended to be used for agricultural purposes.

Mandamus is an extraordinary remedy and a high prerogative writ used rather as a last resort than as a common mode of redress. It may be used only to compel performance of a purely ministerial or mandatory duty and may not be used to review or compel the undoing of

action taken by an official in good faith and in exercise of legitimate jurisdiction. *Kaufman Construction Co. v. Holcomb,* 357 Pa. 514, 55 A.2d 534 (1947). It lies only where there is clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other appropriate and adequate remedy. *Unger v. Hampton Township, supra.* It is apparent to us that the issue of this case, which is one of first impression in the appellate courts, is far from clearly dispositive in favor of the appellee; and, indeed, that it is one which we would be inclined on first blush to decide in the same manner as did the Franklin Township Code Enforcement Officer—that is, that the exemption applies only where the principal use intended to be made of the subdivided land is agricultural. Certainly it was not the clear legal duty of the Code Enforcement Officer to construe the statute so as to provide exemption from the township's subdivision regulations where the application before him was for the construction of a dwelling house merely because the lot contained more than ten acres and was located in a zoning district where agricultural pursuits are permitted.[1]

The appellee should have taken its zoning appeal to the Zoning Hearing Board as the MPC provides; the court to which it appealed had no jurisdiction.

The order of the court below is vacated, without prejudice, of course, to the appellee's right to renew its application for a building permit and, in the event of its refusal, to proceed thereafter as herein directed.

Judge KRAMER concurs in the result only.

---

1. The record shows that the appellee previously applied for and received a permit for the construction of a dwelling house on a ten acre lot apparently on the representation that the use was to be agricultural and that the house may be occupied by a Dr. Burkhart who may be going to raise ducks.