Raymond J. Fassman, Appellant *v.* Stanley A. Skrocki et al.

Argued April 4, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Gary M. Miller,* with him *Morris Mindlin,* for appellant.

*Sandor Engel,* with him *Clayton T. Hyman,* and *Coleman and Hyman,* for appellees.

Opinion by Judge DiSalle, August 23, 1978:

This is an appeal from an order of the Court of Common Pleas of Northampton County which dismissed two consolidated actions brought by Raymond

J. Fassman (Builder), challenging the validity of a zoning ordinance and the revocation of building permits issued to him.

In June, 1972, the Builder acquired a number of building lots in the Borough of Northampton. At that time, the Northampton Borough Zoning Ordinance No. 43 of 1948, *as amended*, was in effect and the lots which the Builder acquired were in an R-2 district, which permitted the erection of twin duplex dwellings. Section 901(b) of this ordinance required continuous and uninterrupted construction to commence within sixty days of the issuance of any building permit, although an extension could be granted when authorized as a special exception.

On December 4, 1972, and on July 6, 1973, certain building permits were issued to the Builder to permit the erection of twin duplex dwellings on the lots which he had acquired. On June 26 and July 3, 1973, Northampton Borough Council published in two newspapers notice of public hearing on a proposed zoning ordinance for the Borough. The zoning map accompanying the proposed ordinance made no change in the district wherein Builder's lots were located.

On July 11, 1973, after the issuance of the permits to the Builder, he and his attorney attended the public hearing and urged council that the district wherein his property was located be zoned less restrictively than it had been under the 1948 ordinance. At the same hearing, a number of residents urged that the district be reclassified to R-1, a more restrictive classification.[1] On July 16, 1973, Northampton Borough Council adopted the proposed ordinance. In it, the district encompassing Builder's property was classified R-1.

---

[1] Prior to the enactment of the new ordinance, the comprehensive plan and proposed ordinance had been submitted to the joint planning commission for approval.

On August 14, 1973, pursuant to Section 1003 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11003, the Builder filed an action in the lower court challenging the validity of the new ordinance. On September 13, 1973, the Northampton Borough zoning officer revoked the building permits previously issued to the Builder under the 1948 ordinance. The Builder then filed, on October 3, 1973, an action in mandamus in the lower court requesting the court to order that the building permits be reissued. This second suit was instituted without first appealing the zoning officer's action to the Zoning Hearing Board. With respect to the challenge to the validity of the ordinance, the lower court held that it was properly enacted and was not invalid because of any procedural irregularities. We agree.

The Builder contends that the ordinance of 1973 was invalid because the Borough amended the classification of his property after the public hearing of July 11, 1973. The Builder maintains that this in effect was an amendment to an ordinance and required readvertising and another public hearing as mandated by Section 609 of MPC, 53 P.S. §10609. Section 609, however, relates to amendments to existing zoning ordinances. In this particular instance, there was a change in a proposed but unenacted zoning ordinance. Section 608 of MPC, 53 P.S. §10608, governing enactment of zoning ordinances, makes no provision for readvertising and an additional public hearing when changes are made in a proposed zoning ordinance.

Furthermore, our Supreme Court has held that where the amendment to a proposed ordinance is not substantial, no readvertising or additional public hearing is required. Only if the amendment works a substantial change in the legislation as a whole must the

amendment to a proposed ordinance be readvertised. *Willey Appeal,* 339 Pa. 84, 160 A.2d 240 (1960). There were approximately twenty-one classification changes reflected in the 1973 ordinance. The change in the Builder's property classification cannot be considered as substantial in relation to the legislation as a whole. Additionally, the Builder and his attorney attended the public meeting during which the change in his land's classification was discussed. Readvertising and another public hearing under these circumstances certainly would have served no useful purpose. *Graack v. Board of Supervisors of Lower Nazareth Township,* 17 Pa. Commonwealth Ct. 112, 330 A.2d 578 (1975).

The lower court dismissed Appellant's action in mandamus for failure to exhaust an adequate statutory remedy. We think this was proper. President Judge PALMER succinctly discusses this aspect of the case and we adopt his reasoning:

> Finally, and more fundamentally, we are of the opinion we are without subject matter jurisdiction in this case since plaintiff failed to heed Section 909 (53 P.S. 10909) of the Municipalities Planning Code providing that the *zoning board* 'shall hear and decide appeals where it is alleged by the appellant that the zoning officer has failed to follow prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance or map or any valid rule or regulation governing the action of the zoning officer.' No such appeal to the zoning board was taken in this case. See Soltis et al. v. Hanover Associates, 22 Comm. Ct. 637 (1976).

> It is true that Section 909 of the Code specifically provides that: 'Nothing contained therein shall be construed to deny to the appellant the right to proceed directly in court, *where*

*appropriate,* pursuant to Pa.R.C.P., Secs. 1091 to 1098 relating to mandamus'; but this portion of this section of the Code is as stated limited to cases where mandamus would otherwise be appropriate. In Unger et al. v. Hampton Township, 437 Pa. 399, 263 A.2d 385 (1970), the court reaffirmed the well-established principle that 'Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy.' The court there went on to say that: 'It must be noted that the mandamus provision of Section 909 is qualified by the phrase "where appropriate." This does not indicate an intention to expand the function of mandamus in the area of zoning; rather it indicates an intention to leave in force judicial determinations of appropriateness.'

We are of the view plaintiff does have an appropriate and adequate remedy other than mandamus. In the words of the Commonwealth Court in Allegheny Company, Southern District, Tax Assessment Appeals, 7 Comm. Ct. 291, 298 A.2d 698 (1972): 'We are satisfied that the remedy at law in the form of a statutory appeal to the Board and thence to the Courts, which remedy is available or was available—had they chosen timely to pursue it— . . . is an adequate remedy.' Other remedies which might be available to plaintiff include exceptions or variances. Bliss Excavating Co. v. Luzerne County, 418 Pa. 446, 211 A.2d 532 (1962).

It is clear that the procedures statutorily prescribed for testing the method of zoning en-

forcement by one aggrieved by the decision of a zoning officer is by application to the appropriate zoning hearing board and, thereafter, by appeal to the Court of Common Pleas. Since plaintiff here proceeded directly to this court to compel the reissuance of the permits, we are without jurisdiction and this complaint must be dismissed. (Emphasis in original.)

We affirm.

## Order

And Now, this 23rd day of August, 1978, the order of the Court of Common Pleas of Northampton County dated November 2, 1976, is hereby affirmed.

---

Concurring Opinion by Judge Blatt:

Although I concur in the result reached here, I do not agree with that portion of the majority concerning the availability of mandamus actions in zoning appeals.

Mandamus, of course, is an extraordinary writ used to compel performance of a purely ministerial or mandatory duty where there exists a clear legal right in the plaintiff and a corresponding duty in the defendant. *Hilton v. State Employees' Employment Retirement Board*, 23 Pa. Commonwealth Ct. 639, 353 A.2d 883 (1976). I concur in the majority's conclusion that an action in mandamus will not lie here but, contrary to the reasoning of the majority, I believe that a suit in mandamus will lie to compel the issuance of building or zoning permits without an appeal of their denial to the Zoning Hearing Board when the plaintiff is clearly entitled to such permits under the controlling regulations. *See Vagnoni v. Bridgeport Borough Council*, 420 Pa. Pa. 411, 218 A.2d 235 (1966) ; *Verratti v. Rid-*

*ley Township,* 416 Pa. 242, 206 A.2d 13 (1965); *Monroeville v. Effie's Ups and Downs,* 12 Pa. Commonwealth Ct. 279, 315 A.2d 342 (1974). I view a mandamus action under such circumstances to be appropriate under Section 909 of the Pennsylvania Municipalities Planning Code,[1] 53 P.S. §10909. I believe that mandamus was unavailable to the appellant here because he did not have a *clear* legal right to the reissuance of the building permits. This was because he failed to comply with all of the requirements of the zoning ordinance under which they were issued. *See generally Unger v. Hampton Township,* 437 Pa. 399, 263 A.2d 385; *Suburban Group, Inc. v. Gittings,* 22 Pa. Commonwealth Ct. 295, 348 A.2d 490 (1975).

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq.