Lindy Homes, Inc. *v.* Dominic Sabatini, Commissioner, Department of Licenses and Inspections, City of Philadelphia, Appellant.

Argued April 7, 1978, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three. Reargued April 3, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, DISALLE, CRAIG and MACPHAIL. Judges ROGERS and BLATT did not participate.

*Barbara S. Gilbert,* Deputy City Solicitor, with her *Stephen A. Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellant.

*Victor Wright,* with him, of counsel, *Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY JUDGE MENCER, May 16, 1979:

Dominic Sabatini, the Commissioner of the Philadelphia Department of Licenses and Inspections (Commissioner) appeals from an order of the Court of Common Pleas of Philadelphia County directing the issuance of a peremptory writ of mandamus to compel the reinstatement of revoked zoning and building permits issued to Lindy Homes, Inc. (Lindy). Since Lindy had another adequate remedy through an appeal to the Philadelphia Zoning Board of Adjustment, the issuance of the writ of mandamus was improper and we must reverse the lower court.

Lindy is the owner of an undeveloped tract of land which, in 1972, was located in a zoning district in which multiple-family dwellings were permissible. In October 1972, Lindy submitted plans for the construction of a 30-unit apartment building. The plans were approved by the Philadelphia Department of Licenses and Inspections (Department), which issued the necessary zoning and building permits. Lindy began construction but, in March 1973, the Department revoked the permits because of Lindy's alleged failure to comply with the plans it had submitted. Lindy then submitted a new plan for the construction of a 23-unit apartment building. A new zoning permit was issued in August 1973 and a new building permit in September 1973. However, Lindy did not resume work on the site.

In November 1973, an ordinance was introduced in the Philadelphia City Council seeking to rezone the area of the site to "R-9a Residential," which designation does not permit multiple-family dwellings. This ordinance was passed by Council and was signed into law on December 14, 1973. On January 3, 1974, the Department revoked Lindy's zoning permit because of the change in zoning classification. On January 4, 1974, Lindy's building permit was also revoked

by the Department as a necessary consequence of the revocation of the zoning permit.

Lindy did not appeal either of these actions but, on April 22, 1974, almost four months later, filed a complaint in mandamus, seeking to compel the reinstatement of the *building* permit only and claiming damages in excess of $10,000. The preliminary objections of the Commissioner were denied, and a hearing was held at which only Lindy's president testified. On April 11, 1975, the Court, by Judge SPORKIN, directed the reinstatement of the building *and zoning* permits and entered a verdict against the Commissioner in the amount of $3500. By order dated July 12, 1976, the Court, sitting en banc, dismissed the Commissioner's exceptions and increased the damages to $35,245. The Commissioner's appeal to this Court followed.

"Mandamus is an extraordinary remedy and will not be granted where there is another remedy available." *Longstreth v. Kane,* 3 Pa. Commonwealth Ct. 311, 312 (1971); *see also Unger v. Hampton Township,* 437 Pa. 399, 263 A.2d 385 (1970) (mandamus inappropriate to compel issuance of building permit where appeal to zoning board of adjustment available); *Suburban Group, Inc. v. Gittings,* 22 Pa. Commonwealth Ct. 295, 348 A.2d 490 (1975). The Department's decision to revoke Lindy's zoning permit could have been appealed to the Philadelphia Zoning Board of Adjustment within a reasonable time. *See* Sections 14-1703 and 14-1705 of the Philadelphia Code.[1]

---

[1] The Department's decision to revoke the *building* permit could have been appealed to the Board of License and Inspection Review within ten days. *See* Section 4-114 of the Philadelphia Code. Such an appeal may not have been necessary, however, since the sole reason for the revocation of the building permit was the revocation of the zoning permit. Section 14-1702 of the Philadelphia Code prohibits the issuance of a building permit unless a zoning permit

Lindy, in its brief to this Court, offers no reason why this remedy would not have been adequate under the circumstances. Rather, it inappropriately relies on cases holding that, since the issuance of a building permit is a ministerial rather than a discretionary duty, mandamus is available to compel such issuance *where the other requirements of a mandamus action are met. See, e.g., Vagnoni v. Bridgeport Borough Council,* 420 Pa. 411, 218 A.2d 235 (1966); *Verratti v. Ridley Township,* 416 Pa. 242, 206 A.2d 13 (1965); *Lhormer v. Bowen,* 410 Pa. 508, 188 A.2d 747 (1963). The lack of an adequate alternative remedy is one such requirement. *See, e.g., Unger v. Hampton Township, supra.*

In *Unger,* our Supreme Court said:

We do not rest our decision on this ground [no clear right to relief existed] alone. *More importantly,* the court below was also correct in holding that appellants had another adequate, statutory remedy available and that mandamus, therefore, would not lie. This remedy was that provided in Section 2007 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §67007. That statute provided, *inter alia,* that any person aggrieved by a zoning officer's decision could appeal to the Board of Adjustment, and, thereafter take a further appeal to the Court of Common Pleas if not satisfied by the Board's action. (Emphasis added.)

437 Pa. at 404, 263 A.2d at 388.

*Unger* was decided after *Verratti, Vagnoni* and *Lhormer,* and it does not appear in those cases that an adequate remedy existed.

---

has been issued. We note that Lindy's complaint sought only reissuance of the building permit but that the lower court nevertheless ordered the reissuance of both permits.

In *Fassman v. Skrocki,* 37 Pa. Commonwealth Ct. 302, 390 A.2d 336 (1978), it was held that where a builder, as here, filed an action in mandamus to compel reissuance of building permits revoked without first appealing the revocation, the Court of Common Pleas of Northampton County lacked jurisdiction of the action in mandamus. We are of the view that *Unger* and *Fassman* control the instant case.

The lower court felt that an appeal to the Zoning Board of Adjustment would have been futile in view of Section 8-410 of the Philadelphia Home Rule Charter, 351 Pa. Code §8.8-410, which provides, *inter alia*:

> *Whenever any* officer, department, *board* or commission *shall require legal advice concerning his or its official business or whenever any legal question or dispute arises or litigation is commenced* or to be commenced *in which any* officer, department, *board* or commission *is officially concerned* or whenever any taxes or other accounts of whatever kind due the City remain overdue and unpaid for a period ninety days *it shall be the duty of such* officer, department, *board* or commission, *to refer the same to the Law Department.*

> *It shall be the duty of any* officer, department, *board* or commission *having requested and received legal advice from the Law Department regarding his or its official duty, to follow the same;* and when any officer shall follow the advice given him in writing by the Law Department he shall not be liable in any way for so doing upon his official bond or otherwise.

> . . . .

> *It shall be unlawful for any office, department, board or commission to engage any attorney to represent him or it in any matter or*

*thing relating to his or its public business without the approval in writing of the City Solicitor.* (Emphasis added.)

The lower court was of the opinion that this section would have required the Zoning Board of Adjustment to request and follow the advice of the city solicitor concerning the legal issues involved in Lindy's appeal. Since the city solicitor also represents the Commissioner and the Department, it was apparent to the lower court that the Zoning Board of Adjustment would have been required to decide the case against Lindy and that an appeal to that board would have been "futile and illusory." The case of *H. A. Steen Industries, Inc. v. Cavanaugh*, 430 Pa. 10, 241 A.2d 771 (1968), offers some support for the lower court's analysis.

However, in the more recent case of *Horn v. Township of Hilltown*, 461 Pa. 745, 337 A.2d 858 (1975), it has been held to be a denial of due process for the same solicitor to represent a zoning hearing board as well as a municipality interested in the outcome of zoning proceedings. The last paragraph of Section 8-410 of the Philadelphia Home Rule Charter, quoted *supra*, impliedly authorizes a board to retain independent counsel with the permission of the city solicitor. Presumably, therefore, the Philadelphia Zoning Board of Adjustment, in compliance with the clear mandate of *Horn*, is no longer requesting or following legal advice from the city solicitor, and an appeal by Lindy to that body would not necessarily have been futile.

We must therefore reverse the order of the lower court without reaching the merits of Lindy's appeal.

Order reversed and case remanded with directions that judgment be entered in favor of Dominic Sabatini, Commissioner of the Philadelphia Department of Licenses and Inspections, and against Lindy Homes, Inc.

## ORDER

AND NOW, this 16th day of May, 1979, the order of the Court of Common Pleas of Philadelphia County in the above captioned case, dated July 12, 1976 and filed of record on August 11, 1976, is hereby reversed, and the case is remanded with directions that judgment be entered in favor of Dominic Sabatini, Commissioner of the Philadelphia Department of Licenses and Inspections, and against Lindy Homes, Inc.

---

DISSENTING OPINION BY JUDGE CRAIG:

I must dissent because the majority's view represents a sharp departure from the established doctrine of the Pennsylvania Supreme Court, as followed by this Court, that mandamus is a fully appropriate remedy to obtain or regain a building permit where the proposed development has complied with all requirements in effect at the time of application, and a later prohibitory amendment was not then legally "pending." *Lhormer v. Bowen,* 410 Pa. 508, 188 A. 2d 747 (1963); *Monroeville v. Effie's Ups & Downs,* 12 Pa. Commonwealth Ct. 279, 315 A.2d 342 (1974). The clarity and consistency of the pattern of this Court's decisions should not be marred by such an abrupt change in a procedural doctrine on which the public and legal counsel have come to rely.

The present case clearly falls into the "pending ordinance" category of cases, under which, if a prohibitory amendment is inapplicable because not "pending," the mandamus remedy is proper. *Lhormer, supra.*

Here the building and zoning permits for the 23-unit apartment building were issued in August and September of 1973. There is no dispute concerning the clear entitlement to those permits under the ordinance applicable at that time; indeed, the issuance of

the permits by the city authorities was good evidence of compliance because they based their later revocation of the permits, not on any violation of the preexisting ordinance requirements, but upon the provisions of a prohibitory amendment which was not even introduced until November, 1973—*after* the issuance of the permits—and was enacted thereafter, in December, 1973.

There is no question but that the new amendment, the sole alleged reason for the revocation, was not "pending" in the *Lhormer* sense until after the permits had been issued.

In the *Lhormer* case (as well summarized by Judge BLATT in *Monroeville, supra*) the plaintiff sought a building permit, which was denied because a proposed amendment to the local zoning ordinance would have prohibited the planned use in the district concerned. The Supreme Court approved mandamus to require issuance of the permits because the proposed amendment, as here, was not "pending" at the time of application. The *Lhormer* decision and our *Monroeville* decision both follow the well-established doctrine that a zoning appeal need not be used and mandamus is available when "the right to the permit is clear. . . ." *Lhormer, supra,* 410 Pa. at 514, 188 A.2d at 749-50; *Monroeville, supra,* 12 Pa. Commonwealth. Ct. at 283, 315 A.2d at 283; *Vagnoni v. Bridgeport Borough Council,* 420 Pa. 411, 218 A.2d 235 (1966); *Verratti v. Ridley Township,* 416 Pa. 242, 206 A.2d 13 (1965); *Lawrence U. Ginter, Inc. v. Borough of Atglen,* 6 Pa. Commonwealth Ct. 430, 296 A.2d 293 (1972).

In a permit *revocation* case, as here, the entitlement to mandamus is even stronger than in a permit *denial* case such as *Lhormer* because the local authorities themselves have admitted the clear entitlement to the permit by actually issuing it—unless they claim an error in issuance, which is not the situation here.

Our recent decision in *Fassman v. Skrocki,* 37 Pa. Commonwealth Ct. 302, 390 A.2d 336 (1978) is not applicable because, as Judge BLATT pointed out in her concurring opinion there, entitlement to a permit in that case was not clear because of a debatable procedural history.

Also, *Unger v. Hampton Township,* 437 Pa. 399, 263 A.2d 385 (1970) is no authority for denial of mandamus here because *Unger* involved an attempt to use mandamus to attack the *validity* of the existing zoning—and mandamus has never been available for that purpose, precisely because clear entitlement to a permit cannot be present where an attack on the validity of a requirement is necessary in view of noncompliance with its terms.

For these reasons, we should not depart from the Supreme Court's *Lhormer* doctrine in circumstances where the permit entitlement is at least as strong, and perhaps stronger, than it was there.

I would affirm the decision of the court below, at least as to the propriety of the mandamus remedy.

Judge WILKINSON, JR. joins in this dissent.