Thomas J. Myers, Charles R. Kobash and the Township of Bensalem, Appellants *v.* Hamilton, Inc., d/b/a Hamilton-Mayfair Mews, Inc., Appellee.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three. Reargued March 11, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge BLATT did not participate.

*Leslie G. Dias*, with him *Henry F. Huhn*, for appellant.

*John W. Donaghy*, with him *Curtin and Heefner*, for appellee.

OPINION BY JUDGE CRAIG, September 21, 1979:

In this mandamus action, brought by a landowner, Appellee Hamilton, Inc., against the building inspector and zoning officer of Bensalem Township and the township itself, appellants, to compel the reissuance of building permits revoked by them, the Court of Common Pleas of Bucks County overruled appellants' preliminary objections, which had raised a jurisdictional issue by contending that mandamus is not a proper remedy in the circumstances. The township and its officials have therefore brought this appeal.

We affirm the order of Judge Isaac S. Garb of the Court of Common Pleas of Bucks County, dated June 20, 1978, overruling the preliminary objections, upon Judge Garb's opinion dated July 14, 1978, of record at No. 78-3468-05-6 in the Court of Common Pleas of Bucks County.

ORDER

AND NOW, this 21st day of September, 1979, the order of the Court of Common Pleas of Bucks County dated June 20, 1978, overruling preliminary objections, with leave to defendants to file an answer, is affirmed.

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. In *Lindy Homes, Inc. v. Sabatini*, 42 Pa. Commonwealth Ct. 600, 401 A.2d 589 (1979), we held that, where zoning and building permits were revoked by municipal authorities, the builder was required to appeal the revocation, such appeal being an adequate statutory remedy available to him, and that mandamus would not lie.

We based our decision in *Lindy Homes* on *Unger v. Hampton Township*, 437 Pa. 399, 263 A.2d 385 (1970), and *Fassman v. Skrocki*, 37 Pa. Commonwealth Ct. 302, 390 A.2d 336 (1978).

I do not comprehend how a panel of this Court can adopt the opinion of a court of common pleas in the instant case and reach a conclusion, contrary to *Lindy Homes*, that mandamus does lie to compel the reissuance of revoked building permits.

---

ORDER

Now, November 15, 1979, upon consideration of appellants' application for reargument, said application is hereby granted and the Chief Clerk is directed to list the above appeal for reargument before the Court en banc on the next available argument list at Harrisburg.

---

OPINION BY JUDGE CRAIG, April 30, 1980:

This appeal from an order of the Court of Common Pleas of Bucks County, which dismissed preliminary objections questioning the propriety of mandamus, was initially argued before a panel of three judges of this court, a majority of whom issued a

decision affirming the · court below. Thereafter we granted reargument before the court en banc, a majority of whom continue to conclude that the decision should be affirmed.

The procedural issues and the pleadings were summarized by Judge Garb, writer of the opinion below, as follows:

This is an action in mandamus against the building inspector of the Township of Bensalem, the Zoning Officer of that Township and the Township. Defendants filed preliminary objections to the complaint as in the nature of a petition raising a question of jurisdiction, pendency of prior action, a motion to strike, a motion for a more specific pleading and a demurrer. Essentially the thrust of all of these preliminary objections is the assertion that the plaintiff has an adequate statutory remedy and, therefore, that mandamus does not lie.

. . . .

Essentially the complaint asserts that the plaintiff is the owner of a substantial property in Bensalem Township upon which it has begun construction and development of a high density housing project. The complaint alleges that in 1972 the plaintiff sought and ultimately received from the Township a change of zoning for the property to permit its development. Thereafter, and as a result of a certain agreement entered into between the plaintiff and the Township building permits were issued. Upon the issuance of said permits construction was begun including the installation of streets, curbs, water and sewer facilities and a large number of the housing units. In fact, a substantial number of the housing units have been completed and some of them have been sold

consistently with a declaration of condominium recorded pursuant to the Pennsylvania Unit Property Act, the Act of July 3, 1963, P.L. 196, 68 P.S. 700.101 et seq. In addition, it is averred that a number of the dwelling units have been begun but are not as yet completed. It is pleaded in the complaint that somthing in excess of $1,500,000.00 has already been invested in this project and that additional investments as well as mortgage commitments are jeopardized by any failure to complete the development. It is asserted that subsequent to the foregoing the zoning officer of the Township did revoke the building permits. Upon application made for re-issuance of those building permits the plaintiff was denied same and it is that which gives rise to this action in mandamus. These facts must be established as true for purposes of the preliminary objections which we dismissed by virtue of our previously cited order.

We add only that the complaint definitively avers that 296 dwelling units had been approved and 296 building permits had been issued by Bensalem Township, and that, moreover, "foundations had been poured and/or the entire course of construction for all 296 units was underway...."

Also of some significance is the specific averment that the permits now in question were suspended (not revoked) by the township, "alleging various unsafe conditions", expressly upon the basis of a section of the building code — a point of possible significance, as noted below.

Other averments of the complaint indicate that the troubles of the developer here with the township occurred during the same period that Bensalem Township, by various zoning amendments, reduced

the allowable dwelling unit ·density in the pertinent districts from twelve units per acre downward to ten units per acre and then further downward to four units per acre. From that local legislative history came two other cases recently before this· court, *Appeal of Central Penn National Bank,* 47 Pa. Commonwealth Ct. 334, 408 A.2d 550 (1979) and *Appeal by Mark-Garner Associates,* 50 Pa. Commonwealth Ct. 354, 413 A.2d 1142 (1980), both zoning appeals which involved the revocation and refusal of permits on the basis of the density-reducing amendments.

However, the precise issue here is different from those two cases, primarily because we are here confronted with the narrow question of the jurisdictional appropriateness of mandamus upon the facts pleaded, including the suspension of the permits for building code reasons, rather than because of the density reductions.

In *Central Penn, supra,* we had a zoning appeal in which, among other things, a variance was requested. There Bensalem Township affirmatively defended on the ground that the density-reducing amendments could legally affect a project previously approved because of the expiration of the three-year protective period provided by Section 508(4) of the Pennsylvania Municipalities Planning code (MCP), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(4). The view taken in the *Central Penn* decision with respect to MCP §508(4) resulted in the case being remanded to pursue the approach of the variance already requested.

In *Mark-Garner Associates, supra,* also a statutory zoning appeal, the majority of our three-judge panel there followed the view taken in *Central Penn* with respect to the impact of density reduction after the expiration of three years; however, because a variance had not been requested in the *Mark-Garner* case, the

resulting decision was a dismissal of the appeal (arguably to leave the developer with a possibility of instituting a variance proceeding.)

In the present case, however, the court below was not presented with any record pursuant to a zoning appeal but only with pleadings averring a baseless suspension of permits for building code reasons, thus not raising any question as to the protective period under MPC §508(4).

In the opinion below, Judge Garb underscored the narrowness of the issue by stating:

> Viewing the allegations of the complaint in the light we must in the context of an attack by preliminary objections, our order merely reflects our opinion that we cannot say as a matter of law that this court lacks jurisdiction in an action in mandamus. In this context we believe that this very limited decision is controlled by Monroeville v. Effie's Ups and Downs, 12 Commonwealth Ct. 279 (1974).[1] Therein it was stated that although litigants are not to be encouraged to circumvent the normal zoning appeal procedures by way of actions in mandamus, such actions may be brought in certain circumstances by virtue of the application of §909 of the Municipalities Planning Code.[2]

Upon reargument before this court, counsel for the township has strenuously argued that mandamus should be considered unavailable under *Unger v. Hampton Township,* 437 Pa. 399, 263 A.2d 385 (1970) and our recent decision in *Lindy Homes, Inc. v. Sabatini,* 42 Pa. Commonwealth Ct. 600, 401 A.2d 589 (1979).

---

[1] 315 A.2d 342.

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10909.

The court below recognized the import of *Unger*, by stating:

It is clear that the use of the phrase 'where appropriate' in §909 of the Municipalities Planning Code does not indicate an intention to expand the function of mandamus in the area of zoning but rather it indicates an intention to leave in force judicial determinations of appropriateness for the use of such writ in zoning matters. Unger v. Hampton Township, 437 Pa. 399 (1970). Therein it was held that mandamus was an inappropriate remedy for the purpose of challenging the validity of a zoning ordinance. However, it tells us that the use of mandamus is retained, notwithstanding the other provisions of the Municipalities Planning Code, where mandamus has always been recognized as an appropriate remedy in a zoning matter. Thus, for example, mandamus was recognized as an appropriate remedy in Lhormer v. Bowen, 410 Pa. 508 (1963)[3] where the plaintiffs were asserting that they were entitled to a building permit as of right under the zoning ordinance without the need of any special dispensation from the then denominated Zoning Board of Adjustment. The same holding was established in Doyle v. Springfield Township, 394 Pa. 49 (1958)[4] where mandamus was found an appropriate remedy where the plaintiffs were entitled as of right to an occupancy permit.

In relation to this case, we have no problem with the *Unger* holding that mandamus will not lie to challenge the validity of a zoning district classification;

---

[3] 188 A.2d 747.

[4] 145 A.2d 695.

obviously, if a landowner believes that his land is invalidly zoned against apartment construction because of procedural irregularities in the ordinance enactment (the issue in *Unger*), that landowner's claim is quite debatable and not clear-cut, so that mandamus would be plainly inappropriate because the presumptively valid terms of the law impose an official duty flatly contrary to that urged by the attacker.

Some greater difficulty is admittedly presented by *Lindy Homes, supra,* where the appropriateness of mandamus was considered by us in a different procedural posture. *Lindy Homes* did not come to this court or to the lower court upon preliminary objections to a complaint, but was considered after a hearing had been held by the court below, and the majority of our court, in reversing the grant of mandamus, had before it a full record of the facts.

In the present case, the lower court opinion took special note of the procedural posture here:

> Where plaintiffs have a clear legal right to the issuance of a building permit, as here *alleged* by plaintiff, then mandamus is the proper means to compel the officials to issue it. Monroeville v. Effie's Ups and Downs, supra and Cooper v. City of Greensburg, 26 Commonwealth Ct. 245 (1976)[5] (Emphasis in original.)
>
> ....
>
> Simply stated, the reason for our order dismissing the preliminary objections is that we are satisfied that the complaint does state a cause of action in mandamus and although the preliminary objections raise serious matters in defense thereto, it would be inappropriate and injudicious summarily to dismiss the plaintiff's complaint at this juncture.

---

[5] 363 A.2d 813.

Therefore, aware that we are able to examine only the thin edge of a jurisdictional issue when presented to us in an interlocutory stance such as here, we affirm the order of the court below.

### ORDER

AND Now, this 30th day of April, 1980, the order of the Court of Common Pleas of Bucks County, dated June 20, 1978, dismissing preliminary objections to the complaint with leave to the defendants to file an answer, is affirmed.

Judge WILKINSON, JR. dissents.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. In *Unger v. Hampton Township*, 437 Pa. 399, 263 A.2d 385 (1970), it was held that mandamus was inappropriate to compel issuance of a building permit where an appeal to a zoning board of adjustment was available. In *Unger*, our Supreme Court said:

> We do not rest our decision on this ground [no clear right to relief existed] alone. *More importantly,* the court below was also correct in holding that appellants had another adequate, statutory remedy available and that mandamus, therefore, would not lie. This remedy was that provided in Section 2007 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §67007. That statute provided, *inter alia,* that any person aggrieved by a zoning officer's decision could appeal to the Board of Adjustment, and, thereafter take a further appeal to the Court of Common Pleas if not satisfied by the Board's action. (Emphasis added.)

437 Pa. at 404, 263 A.2d at 388.

In *Fassman v. Skrocki*, 37 Pa. Commonwealth Ct. 302, 390 A.2d 336 (1978), it was held that where a builder, as here, filed an action in mandamus to compel reissuance of building permits revoked without first appealing the revocation, the Court of Common Pleas of Northampton County lacked jurisdiction of the action in mandamus.

In *Lindy Homes, Inc. v. Sabatini*, 42 Pa. Commonwealth Ct. 600, 401 A.2d 589 (1979), we held that it was improper to issue a writ of mandamus because the developer had another adequate remedy through an appeal to the Philadelphia Zoning Board of Adjustment.

I am of the view that *Unger, Fassman,* and *Lindy Homes, Inc.,* control the instant case and that the order of the court below should be reversed.

Judge MacPHAIL joins in this dissent.