# David A. Swinehart, Inc. v. Upper Pottsgrove Township

*William H. Yohn*, for plaintiff.
*Sherwood L. Yergey*, for defendants.

NICHOLAS, *J.,* March 28, 1980—Plaintiff is the owner and developer of an approved subdivision project located in Upper Pottsgrove Township, Montgomery County, known as Gary Heights.

On January 21, 1980, plaintiff filed with defendant, Guy L. Bierman, zoning officer, applications for building permits for Lots 41 and 42, to build houses on the said lots and tendered a check for the required application fees. Bierman refused to accept the applications and returned them and the tendered check to plaintiff with a note which read: "The following Township fees are outstanding: (1) Township Engineering; (2) Township Sewage Enforcement; (3) Legal Fees. Zoning Permits may be withheld until payment of these fees."

Plaintiff filed its complaint in mandamus on February 21, 1980, alleging that the construction for which it sought building permits conforms to the requirements of the zoning ordinance, township building regulations and the already approved subdivision and improvement plans. Plaintiff concedes that the development agreement dated June 1, 1976, between plaintiff and defendant calls for plaintiff to pay "all reasonable legal and engineering expenses" in connection with design, construction, installation and inspection of improvements.

Plaintiff adds, however, that the amount of such fees claimed by the township as reasonable is presently a matter of dispute and that the approval of building permits was improperly withheld because of this.

Plaintiff filed on the same date it filed its complaint a motion for peremptory judgment pursuant to Pa.R.C.P. 1098.

Defendants township and zoning officer filed preliminary objections to the complaint in mandamus on the basis that the court lacks jurisdiction under the provisions of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. §10909, and section 1705 of the Upper Pottsgrove Township Zoning Ordinance relating to appeals from a decision of the zoning officer to the zoning hearing board. Defendants urge that plaintiff's remedy for the refusal to approve the building permits was an appeal to the zoning hearing board rather than mandamus.

The matter came on for hearing before the undersigned on March 13, 1980. Counsel stipulated at the bar of the court and in the briefs submitted that there is no issue of fact and that the building permits were refused solely because of plaintiff's nonpayment of the disputed township engineering and legal fees.

The narrow issue thus presented is whether mandamus will lie to compel the issuance of building permits where the sole reason for refusal by the zoning officer is the applicant's non-payment of the disputed township engineering and legal fees. Upon review of the relevant statutes, ordinances and appellate authority, we conclude that under these circumstances, mandamus is the appropriate remedy and that plaintiff is entitled to the relief it seeks.

## DISCUSSION

Defendants rely upon the Pennsylvania Municipalities Planning Code, 53 P.S. §10909, in support of their position that plaintiff has an adequate alternate remedy, an appeal to the zoning hearing board from the refusal to issue the building permits. Such reliance is misplaced. The statute specifically provides as follows:

"The board shall hear and decide appeals where it is alleged by the appellant that the zoning officer has failed to follow prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance or map or any valid rule or regulation governing the action of the zoning officer. Nothing contained herein shall be construed to deny to the appellant the right to proceed directly in court, where appropriate, pursuant to Pa.R.C.P. sections 1091 to 1098 relating to mandamus."

Our appellate courts have held that this provision reveals a legislative intention to leave in force judicial determinations of appropriateness of mandamus as a remedy: Fassman v. Skrocki, 37 Pa. Commonwealth Ct. 302, 390 A. 2d 336 (1978).

Defendants refer the court to Lindy Homes, Inc. v. Sabatini, 42 Pa. Commonwealth Ct. 600, 401 A. 2d 589 (1979), as controlling. In that case, a property owner sought mandamus to compel the reissuance of revoked building permits. The basic issue was the applicability of a zoning reclassification to plaintiff's property. Under such circumstances, the Commonwealth Court held that mandamus was not appropriate and that the appropriate remedy was an appeal to the zoning hearing board. That is not this case. These permits were refused not because the proposed construction and

use violated the zoning ordinance or because it was not in conformity with building regulations but simply because the developer refused to pay township engineering and legal fees which he challenged as unreasonable.

We recognize that our appellate courts have held: "'Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy.'" Unger v. Hampton Township, 437 Pa. 399, 401, 263 A. 2d 385 (1970); Fassman v. Skrocki, supra.

Defendants argue that the zoning officer properly refused to issue the permits upon the authority of section 1701.2 of the zoning ordinance which directs the zoning officer to issue no permit unless it conforms with all applicable ordinances, statutes and regulations. The origin of the disputed fees may be found in the Township Sub-division Ordinance Number 78, Section 4(E), which provides that the sub-divider, developer or builder shall be required to furnish a bond in an amount and with such surety as shall be approved by the Board of Commissioners to guarantee the payment of engineering services, materials and facilities test, inspection, and dedication and legal agreements. There is no evidence that plaintiff has not complied with Section 4(E) of Sub-division Ordinance 78. In fact, as stated, the subdivision plan has been approved.

The development agreement of June 1, 1976, provides that plaintiff, as a condition of approval of the improvement plan, is required to enter bond to cover fees and costs of the design, construction, installation and inspection of all improvements and

further, to establish an escrow fund to cover and guarantee the aforesaid. The development agreement further provides: "5. The aforementioned developer shall pay all fees and costs in connection with the design, construction, installation and inspection of said improvements, and all reasonable legal and engineering expenses in connection therewith."

As noted, the improvement plan has also been approved. The dispute purely and simply is over the amount of township legal and engineering expenses and fees and the reasonableness thereof. The permits sought do not, therefore, fail to conform with the zoning ordinance itself or all applicable ordinances, statutes and regulations. Defendants' reliance on section 1701.2 of the zoning ordinance is inappropriate.

In essence, the township, being in the vastly superior position to exact payment of the disputed fees has withheld building permits as to which there is otherwise a clear legal right. The court is constrained to conclude that such practice is improper and unauthorized by the zoning ordinance itself. Plaintiff has tendered the only fee required for the issuance of building permits by the literal terms of the zoning ordinance itself as set forth in section 1707 thereof.

Since we conclude that the zoning officer was without authority under the literal terms of the zoning ordinance to make the payment of the disputed township engineering and legal fees a condition of the issuance of the building permits, plaintiff has a clear legal right thereto. We also conclude that the appeal provisions found in Article 18 of the zoning ordinance are inapplicable because the error of the zoning officer in refusing to issue the permits was

not based upon enforcement of zoning regulations. An appeal to the zoning hearing board, therefore, would be an inappropriate alternative remedy. The court therefore concludes that plaintiff has met all of the requisites for the issuance of a writ of mandamus. See Crozier v. Canfield, 70 Montg. 342 (1954); Baldwin Borough v. Matthews, 394 Pa. 53, 145 A. 2d 698 (1958); and Miller v. Seaman, 137 Pa. Superior Ct. 24, 8 A. 2d 415 (1939).

The court thus has jurisdiction under the Pennsylvania Municipalities Planning Code, 53 P.S. §10909, and Pa.R.C.P. 1098 to enter the following

## ORDER

And now, March 28, 1980, defendants' preliminary objections are dismissed. The motion for peremptory judgment pursuant to Pa.R.C.P. 1098 is granted. Upper Pottsgrove Township and Guy L. Bierman, zoning officer of Upper Pottsgrove Township are ordered and directed to issue building pemits for Lots 41 and 42 in the Gary Heights Subdivision upon application by plaintiff and payment of the required fee as provided for in section 1707 of the zoning ordinance.