Board of Supervisors of Bensalem Township, Appellant *v.* Paul Goldman et al., Appellees.

Argued April 11, 1980, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Leslie G. Dias,* with him *Henry F. Huhn,* for appellants.

*John W. Donaghy,* with him *Gerald M. Hershenson, Curtin and Heffner,* for appellees.

OPINION BY JUDGE WILKINSON, JR., June 12, 1980:

This case was argued before a panel of this Court on April 11, 1980. It is an appeal from a decision of the trial court granting the appellant, Board of Supervisors of Bensalem Township (Township), the relief it had sought in an equity action. Oversimplfying the facts for clarity, Township brought this equity action against appellees (builders) to abate a nuisance. Builders had obtained approval of a development and secured building permits for 296 units in March of 1974. After 198 units were completed, and 94 have had foundations prepared, during 1975 construction either was slowed or stopped. In January of 1976 this action was started seeking either the prompt completing or "capping" of the 94 foundations or to have them filled with earth to abate the alleged condition as a nuisance. The matter came on for hearing before the common pleas court in June of 1978. On July 25, 1978, the common pleas court granted the prayer of the complaint and ordered the builders to proceed within 30 days to resume construction or either cover and drain all foundations within 120 days.

In the meanwhile, following the approval of the development plan and the issuance of the permits, the zoning ordinance had been amended to reduce substantially the permitted density. Three years having passed since the ordinance was amended and the development being incomplete, the permits were "suspended". *See* Section 508(4) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(4). Builders sought the reissuance of the permits by a mandamus

action in the court of common pleas[1] and, also, appealed the action that cancelled or suspended the permits. Both actions are pending in the common pleas court.

We consider it inappropriate to decide this case until the other cases involving builders' rights, if any, to complete the development have been resolved.

Accordingly, we will enter the following

### ORDER

AND Now, June 12, 1980, a decision will not be rendered in this case until the resolution of the other matters in dispute involving the rights of the builders, Paul Goldman and Goldman Builders, Inc., and Mayfair Mews, Inc., to complete the development.

It shall be the duty of the appellant, Board of Supervisors of Bensalem Township, to keep this court advised of the disposition of the other matters in litigation.

---

[1] *See Myers v. Hamilton, Inc., d/b/a Hamilton-Mayfair Mews, Inc.,* 51 Pa. Commonwealth Ct. 504, 413 A.2d 1178 (1980).