## DeGroot v. Tinicum Township Board of Supervisors

*Stephen A. Shelly,* for plaintiff.
*Robert J. Sugarman,* for defendant.

BIEHN, *J.,* November 11, 1992—Plaintiff has appealed to Superior Court from our order entered on June 2, 1992. By that order, we sustained defendants' preliminary objections and dismissed plaintiff's complaint.

Plaintiff filed a complaint in mandamus against the Board of Supervisors of Tinicum Township and the three individual supervisors. The following is a history of the case as taken from the complaint:

"(1) On November 14, 1990, plaintiff filed an application for a major subdivision with Tinicum Township.

"(2) On January 22, 1991, defendants reviewed and rejected the plan.

"(3) On February 27, 1991, plaintiff took an appeal to this court.

"(4) On July 30, 1991, this court remanded the case to the Planning Commission of Tinicum Township.

"(5) On August 21, 1991, Tinicum Township took an appeal to Commonwealth Court. Commonwealth Court quashed the appeal as interlocutory and non-appealable.

"(6) On November 26, 1991, the Planning Commission reviewed the subdivision plan and recommended that the Board of Supervisors deny approval of the subdivision.

"(7) On December 30, 1991, defendants denied approval of the subdivision plan.

"(8) By letter dated January 13, 1992, the township informed plaintiff of the December 30, 1991, decision of defendants."

In the complaint, plaintiff averred that the plan was deemed approved because defendants did not take action within 90 days as required by section 508 of the Pennsylvania Municipalities Planning Code. It was plaintiff's position that he had a clear legal right to deemed approval under section 508, that he had no other adequate remedy at law and that he would suffer irreparable harm unless he received the approval to which he believed he was entitled.

Defendants filed preliminary objections averring that this court had no jurisdiction in mandamus because (1) plaintiff's right to relief is not clear; (2) plaintiff has an

adequate remedy at law; and (3) there is a pending action (the zoning appeal) concerning the same subject matter. Defendants also demurred on several grounds, the chief one being that section 508 does not apply to a remanded action. This court sustained the preliminary objections and dismissed plaintiff's complaint for the following reasons.

"Mandamus is an extraordinary remedy and a high prerogative writ used rather as a last resort than as a common mode of redress. It may be used only to compel performance of a purely ministerial or mandatory duty and may not be used to review or compel the undoing of action taken by an official in good faith and in exercise of legitimate jurisdiction. It lies only where there is clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other appropriate and adequate remedy." *Suburban Group Inc. v. Gittings,* 22 Pa. Commw. 295, 299-300, 348 A.2d 490, 493 (1975). (citations omitted)

It was clear to this court that mandamus was not appropriate in this matter. We do not believe that section 508 applies to a remanded action. Consequently, plaintiff does not have a clear legal right to the relief requested.

Section 508 reads, in part, as follows:

"§10508. *Approval of plats—*

"All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later

than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed, provided that should the said next regular meeting occur more than 30 days following the filing of the application, the said 90-day period shall be measured from the 30th day following the day the application has been filed.

"(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than 15 days following the decision.

"(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.

"(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect...." 53 P.S. §10508. (footnote omitted)

Nothing in the above portion of section 508 or in any other part of that section suggests that the 90-day period is triggered a second time on remand. There is no *clear duty* on the part of a municipality to provide a decision

within 90 days of remand. Mandamus may only be used to compel performance of a purely ministerial or mandatory duty. In addition, plaintiff has an appropriate and adequate remedy in the continuing zoning appeal case.

Accordingly, defendants' preliminary objections were sustained and plaintiff's complaint was dismissed.

* In the zoning case, a conference was held by this court pursuant to Bucks County Rule of Civil Procedure 27 after which the case was remanded to the Planning Commission so that it could review the subdivision plan and make a record for this court to review. (See opinion filed in case number 91-1973-13-5.)